MARKS *v.* MARKS.

1. Divorce—Alimony—Changed Financial Condition.

   Order as to alimony warranted by change in husband's financial condition was properly made under 3 Comp. Laws 1929, § 12748, notwithstanding previous contrary consent order.

2. SAME—ALIMONY—LIEN—JURISDICTION.

    By virtue of 3 Comp. Laws 1929, §§ 12747 and 12748 court had jurisdiction to place lien on property inherited by husband shortly prior to order entered several years after original decree, although latter contained no provision for lien as husband had no property at that time.

3. SAME—ALIMONY.

    Alimony allowance of 20 per cent. of cash in closed banks and reservation of determination as to amount wife should receive from husband's interest in mortgages left him by deceased brother, husband's share consisting of 37½ per cent. of brother's estate, *held*, reasonable.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 10, 1933. (Docket No. 102, Calendar No. 37,437.) Decided December 5, 1933.

Bill for divorce by Rae M. Marks against Maurice Marks. Decree for plaintiff. On petition of plaintiff for modification of subsequent consent order as to alimony. Order for plaintiff. Defendant appeals. Affirmed.

*Wm. Henry Gallagher,* for plaintiff.

*Edward N. Barnard,* for defendant.

McDONALD, C. J. On September 24, 1926, the plaintiff was awarded a decree of divorce from the defendant on the ground of extreme cruelty. As alimony and in lieu of dower she was decreed $40 a week until remarriage. On April 9, 1927, defendant secured a modification of the decree by which the alimony was reduced to $10 a week. On November 18, 1931, on his application the alimony was temporarily discontinued. On February 29, 1932, he was ordered to pay $5 a week for one month. On November 9, 1932, in accordance with a written stip-

ulation of the parties the court made an order requiring the defendant to pay a lump sum of $300 and on such payment no further alimony was to be paid until October 21, 1937, at which time payments of $10 a week should be resumed and continued until plaintiff's remarriage. The order also provided that either party might petition for its modification 30 days before October 21, 1937. Shortly after the entry of this order the plaintiff filed a petition for a modification alleging as a reason therefor that there had been a substantial change in the defendant's financial condition because of the fact that he had inherited large sums of money from a deceased brother. The defendant moved to dismiss the petition on the ground that the order sought to be modified was a consent order based on the written stipulation of the parties and that the court was without jurisdiction to modify it. Dismissal was refused and the court entered an order of modification in accordance with the prayer of the petition granting to the plaintiff 20 per cent. of all cash payable to defendant out of his brother's estate and giving her a lien therefor upon the funds in the hands of the Union Guardian Trust Company, testamentary trustee. From this order the defendant has appealed.

1. It is first contended that the court was without authority to modify the order based on the stipulation of the parties.

The modification was based on a change in the defendant's financial condition. From the time of the original decree he has successfully resisted the various orders for alimony on the plea of inability to make the payments. The order which the plaintiff seeks to modify was based on his then financial condition. The change in his finances warrants a

change in the order. It is immaterial that the previous order was agreed to by the parties. In *Eddy v. Eddy*, 264 Mich. 328, it was said:

"The court, in adjudging alimony, could employ the agreement, and later, under power reserved by statute, modify the decree to comport with change in circumstances of the parties. 3 Comp. Laws 1929, § 12748."

2. Was the court without jurisdiction to make the alimony allowance a lien upon the defendant's property?

It is contended by the defendant that if the alimony allowed is to be a lien on his property it must be so provided in the original decree. Of course, the original decree made no provision for a lien because at that time the defendant had no property. Having since acquired property out of which alimony can be paid the court was warranted by statute in revising the decree and making the alimony a lien, a charge against the property. 3 Comp. Laws 1929, § 12747, provides that alimony or allowance for minor children shall constitute a lien upon the real and personal property of the husband. 3 Comp. Laws 1929, § 12748, provides that after a decree for alimony or other allowance for the wife and children the court may from time to time revise and alter the decree and make any further order or decree which he might have made in the original suit. This statute answers the defendant's contention that provision for a lien can be made only in the original decree. See, also, *Creyts v. Creyts*, 143 Mich. 375 (114 Am. St. Rep. 656). Of course, this may not be done to the prejudice of intervening rights of third parties; but there are no such in this case.

3.   Is the award for alimony unreasonably excessive?

The will of the defendant's brother left him 37½ per cent. of the estate consisting of $22,098.04 in cash and two mortgages, one of $35,000 and one of $55,000; 30 per cent. of the cash is deposited in the First National Bank of Detroit, now in receivership, and 70 per cent. is held by the Union Guardian Trust Company under conservatorship. The amount of cash which the defendant will receive ultimately or as dividends are paid cannot now be determined. Nor can it be determined how much he will receive from the mortgages aggregating $90,000. For this reason the court reserved a determination of the amount the plaintiff should receive from the defendant's interest in the mortgages. The amount allowed applies only to the cash as it becomes available. In the circumstances we think an award of 20 per cent. is reasonable.

The order is affirmed, with costs to the plaintiff.

WEADOCK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.