## MARKS v. MARKS.

1. Divorce—Alimony—Equity.

   Finding of court that plaintiff should receive one-third of defendant's interest in a note and mortgage he had in his late brother's estate *held*, equitable under all of the circumstances of the case.

2. Same—Interpretation of Former Decree.

   Order of court requiring defendant to pay alimony in the amount of 20 per cent. of amount of cash payable to him as heir of his deceased brother *held*, not misinterpreted by subsequent order requiring him to pay 20 per cent. of sums payable to him from said estate as heir, legatee or devisee of his late brother.

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 14, 1937. (Docket No. 36, Calendar No. 39,011.) Decided March 1, 1937.

Bill for divorce by Rae M. Marks against Maurice Marks. Decree for plaintiff. From subsequent order of court modifying decree and order fixing liability of defendant for payments received by him from his brother's estate, defendant appeals. Affirmed.

*Wm. Henry Gallagher,* for plaintiff.

*Edward N. Barnard,* for defendant.

CHANDLER, J. Plaintiff, Rae M. Marks, was on September 24, 1926, granted a decree of divorce against the defendant, Maurice Marks, and was awarded alimony at the rate of $40 per week. On October 28, 1926, an order to show cause for nonpayment of alimony was issued, and on November 16, 1926, a petition for modification of the alimony was filed by the defendant. On December 6, 1926, a report of the friend of the court was filed recommending reduction of alimony to $25 per week. No order was entered upon this recommendation, but the recommendation was treated by the parties as being in force. On April 9, 1927, on defendant's application an order was entered reducing alimony from $25 to $10 per week.

On October 20, 1931, defendant moved for a reduction of alimony, and the friend of the court recommended reduction from $10 to $7 per week. On November 14, 1931, defendant moved for discontinuance of alimony, and on November 18, 1931, order was entered discontinuing alimony for three months. On February 29, 1932, defendant moved that the order discontinuing alimony be continued in force. On April 16, 1932, order was entered fixing alimony at $5 per week. On August 23, 1932, motion was

again filed by defendant to continue order discontinuing alimony. On November 9, 1932, order was entered requiring payment by defendant of $300, upon payment of which defendant would be relieved of liability for alimony until October 21, 1937, on which date alimony would resume at $10 per week. On June 30, 1933, on plaintiff's petition, order was entered requiring payment of 20 per cent. of all cash that defendant should receive as heir of his brother, and in this same order the court reserved a determination of the amount that plaintiff should receive from the defendant's interest in certain mortgages which he was to receive from his brother's estate because it could not at that time be determined how much the defendant would receive from said certain mortgages which at that time aggregated $90,000. This order was affirmed by this court December 5, 1933, *Marks* v. *Marks,* 265 Mich. 221.

It was contended by defendant upon his appeal in that case:

(1) That the court was without authority to modify an order based on the stipulation of the parties;

(2) That the court was without jurisdiction to make the alimony allowance a lien upon defendant's property;

(3) That the award for alimony was unreasonably excessive.

The court held that these contentions were without merit.

On January 28, 1935, plaintiff petitioned for a modification of the decree for the purpose of establishing plaintiff's interest in the mortgages in question, and upon a hearing of said petition the court again entered a modified decree under date of December 31, 1935, awarding to plaintiff an un-

divided one-third of all of the interest of the defendant, Maurice Marks, in and to a certain note and mortgage received by defendant from the estate of his deceased brother, said mortgage being in the principal sum of $35,000, the interest of defendant therein, as found by the Court, being 37½ per cent.

On January 17, 1936, plaintiff petitioned the court setting forth that the defendant had failed to pay plaintiff 20 per cent. of the sums received by said defendant from the estate of his deceased brother, and that he (defendant) had received as his share of the interest payments made upon the mortgage in question the sum of $1,575, and that the plaintiff had made a demand upon the defendant for the payment of her interest of the moneys received by the defendant, but that the defendant refused to pay any part of said sum to the plaintiff. After a hearing upon this petition the court, on January 21, 1936, entered in said cause an order fixing the liability of the defendant to plaintiff on interest moneys received by him as heir of his brother, Leon Marks, by which order the said defendant was required to pay to the plaintiff 20 per cent. of all sums that were payable to said defendant as heir, legatee or devisee of Leon Marks, and finding that the said defendant had received as interest payments on said mortgage 37½ per cent. of $1,050 on four occasions in 1933, 1934 and 1935.

The defendant appeals from said order of modification of the decree entered on December 31, 1935, claiming;

(1) That the decision of the court was erroneous because it made an inequitable distribution.

Defendant also appeals from the order of the court entered January 21, 1936, claiming;

(2) That the decision of the court was erroneous in that it misinterpreted its order filed June 30, 1933, modifying the decree.

We are not in accord with defendant's contentions.

It appeared in the testimony taken in support of plaintiff's petition for modification of the decree that her circumstances had changed since the prior hearing, that one of her daughters had married and established a home by herself, that plaintiff had given up the apartment that she had maintained for her daughters and herself, and since that time had been living with her sister, that she was working in a store as a saleslady four or five days a week, that she made on an average from $10 to $14 per week and paid for her board and room at her sister's the sum of $10 per week.

It also appeared upon this last hearing that one of the mortgages in the estate of Leon Marks, deceased, in which defendant had an interest, a second mortgage for the sum of $55,000, had been lost to the estate by reason of the foreclosure of the first mortgage against the premises covered by the estate's second mortgage.

(1) The chancellor was familiar with this case in its various phases, and we are not inclined to disturb his findings that the plaintiff should receive one-third of the defendant's interest in the note and mortgage in question. We believe that the order made and filed is equitable under all of the circumstances in this case.

(2) We do not believe that the court in its order entered January 21, 1936, misinterpreted its order filed June 30, 1933, modifying the decree. This decree as modified required the payment by the de-

fendant of 20 per cent. of the cash received by the defendant from his brother's estate. The chancellor found that he had received from his brother's estate certain sums as interest on the mortgage in question and directs the payment by the defendant to plaintiff of 20 per cent. of the same.

The modified decree of the court entered December 31, 1935, and the order of the court entered January 21, 1936, determining the liability of the defendant to the plaintiff are affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.