### Eliza A. Perkins v. Sebra Perkins.

The order of the Circuit Court in Chancery opening for review a decree for permanent alimony in a divorce case, and ordering a reference to a Circuit Court Commissioner to take proofs, &c., and to report thereon, is not a *final* order from which an appeal can be taken to this Court.

*Heard May 6th.    Decided July 21st.*

Appeal from Washtenaw Circuit in Chancery.

On December 2d, 1859, a decree of divorce was made by said Circuit Court in Chancery, in favor of said Eliza A. Perkins, and the sum of $1,000 ordered to be paid to her by said Sebra Perkins as alimony. The decree for alimony was soon afterwards sold by her to one Renwick. On January 27th, 1862, on the petition of said Sebra Perkins, and after hearing counsel for said Eliza and for Renwick, an order was made by said Circuit Court in Chancery, as follows:

"In this cause, on hearing Joslin & Blodget, for defendant, and O. Hawkins, for complainant, on the petition of defendant that the Court review the decree for alimony, it is hereby ordered, that the decree for alimony heretofore entered in this cause be opened for review, and that it be referred to D. S. Twitchell, Circuit Court Commissioner, to take testimony and report to this Court at or before the next term of this Court, the present circumstances and condition of the parties, and the amount and value of the real estate of said defendant, in which the complainant

10 MICH.—B2.

claims dower, and that all proceedings on the said decree be stayed until the further order of this Court."

An appeal was taken from this order.

*O. Hawkins* for appellant.

*Joslin & Blodgett* for appellee.

MARTIN CH. J.:

The order in this case is interlocutory, and from it no appeal lies. See *Enos v. Sutherland*, 9 *Mich.* 148; *Ballard v. Green, Ibid.* 222. The decree of alimony vests in the wife no absolute right to the allowance, as it may be changed from time to time, and reduced or enlarged in the discretion of the Court:—*Comp. L.* § 3249; *Rogers v. Vines*, 6 *Ired.* 293; *Wheeler v. Wheeler*, 18 *Ill.* 39; *Sheafe v. Laighton*, 36 *N. H.* 240; *Miller v. Miller*, 6 *Johns. Ch.* 91. Whether the decree would be changed or modified depends upon the action of the Court upon the coming in of the Commissioner's report; and until some final action upon the report, no appeal lies.

The appeal must be dismissed, with costs.

The other Justices concurred.