NIXON *v.* WRIGHT.

DIVORCE—ALIMONY—AWARD—ENFORCEMENT—ACTION AT LAW.
   A provision for alimony in a decree for divorce, being subject, at any time, to modification by the court which made it (section 8641, 3 Comp. Laws), and the court having full power to enforce it, is not such a judgment for money•that an action at law can be maintained upon it.

Error to Eaton; Smith, J.   Submitted October 9, 1906. (Docket No. 26.)   Decided October 29, 1906.

Debt by Margaret Nixon against John L. Wright for the amount of a decree of alimony.   There was judgment for plaintiff, and defendant brings error.   Reversed, and no new trial ordered.

*Frank A. Dean,* for appellant.

*Alvan G. Fleury,* for appellee.

HOOKER, J.   The complainant's decree for divorce, made on December 30, 1895, contained a provision in her favor for $500, payable on or before October 1, 1896.   In December, 1905, an action at law was brought upon this decree.   The defendant's counsel demurred to the declaration upon the ground that an action at law cannot be maintained upon a decree for permanent alimony.   The learned circuit judge overruled the demurrer, and rendered judgment for the plaintiff, from which defendant has appealed.

If it be conceded that an action at law will lie upon any decree in equity, which is for an ascertained and specific amount, *and nothing more,* it need not follow that an action will lie upon a decree for alimony, where, as in this State, the decree is subject to modification by the court which made it, at any time.   See 3 Comp. Laws, §

8641.   See *Jordan* v. *Westerman*, 62 Mich. 170; *Perkins* v. *Perkins*, 10 Mich. 425, and cases cited; *Reynolds* v. *Reynolds*, 115 Mich. 378; *Moross* v. *Moross*, 129 Mich. 27; *Smith* v. *Smith*, 139 Mich. 133; *Creyts* v. *Creyts*, 143 Mich. 375; *Cole* v. *Cole*, 144 Mich. 346.   By the statute cited the legislature has given to the court of chancery the power to conserve the interests of the parties to divorce cases, by altering decrees regarding the wife's support.   A decree for alimony is not such an unalterable, definite, and fixed judgment for money—a debt—as will make an adjudication in bankruptcy a discharge.   Many courts hold that it is not such an one as may be assigned.[1] It would be anomalous to sustain the authority of a court of law to deprive the court of chancery of the opportunity of executing its statutory power, or, on the other hand, to sustain a jurisdiction of a court of law, in cases where its judgment would be practically nullified by subsequent orders of a court of equity, in a collateral proceeding. The weight of authority denies the jurisdiction asserted in this case.   See opinion of Kent, C. J., in *Post* v. *Neafie*, 3 Caines (N. Y.), 34; *Allen* v. *Allen*, 100 Mass. 373; *Knapp* v. *Knapp*, 134 Mass. 353; *Barber* v. *Barber*, 2 Pin. (Wis.) 297; *Barber* v. *Barber*, 21 How. (U. S.) 582; *Kempster* v. *Evans*, 81 Wis. 247 (15 L. R. A. 391), and cases cited.

The judgment is reversed, with costs of both courts. There is no occasion for a new trial.

Grant, Blair, Montgomery, and Ostrander, JJ., concurred.

---

[1] See *Fournier* v. *Clutton,* post, 298.—Reporter.