TOTH *v.* TOTH.

1. GARNISHMENT—BASED ON DIVORCE DECREE VOID—OPEN TO COL-
LATERAL ATTACK.

Garnishment proceedings against a bank and an order
directing it to turn over the amount of its indebtedness
to a depositor to the latter's divorced wife in part payment
of alimony and allowance for support of minor child,
allowed her in a divorce decree, were void for want of
jurisdiction and are open to collateral attack.

2. SAME—STATUTORY REMEDY.

Garnishment is a statutory remedy, and the statute must
be followed strictly. .

3. DIVORCE—JURISDICTION STATUTORY.

Jurisdiction of the court in divorce proceedings is entirely
statutory.

4. SAME—PERIODICAL ALLOWANCES FOR SUPPORT OF WIFE AND CHILD
TREATED AS ALIMONY.

In Michigan, the periodical allowances to a wife for both
herself and child are treated as alimony under statutes to
enforce payment. 

5. GARNISHMENT—MAY BE BASED ON FINAL JUDGMENT DEBT.

A judgment or decree for money that is final is a debt,
and may form a basis of an action in garnishment, under
3 Comp. Laws 1915, § 13122, as amended by Act No. 305,
Pub. Acts 1925.

6. DIVORCE—CONSTITUTIONAL LAW— DECREE FOR ALIMONY NOT A
DEBT—IMPRISONMENT FOR DEBT.

A party in default in payment of alimony may be im-
prisoned, under 3 Comp. Laws 1915, § 11443 *et seq.*, on
the theory that a decree for alimony is not a debt within
the contemplation of the Constitution (section 20, Art.
2) forbidding imprisonment for debt.

7. GARNISHMENT — NOT MAINTAINABLE ON DECREE FOR ALIMONY
PAYABLE IN INSTALLMENTS.

A decree for alimony, to be paid from time to time in

[1]Garnishment, 28 C. J. §§ 29, 621 (Anno); [2]Id., 28 C. J. § 232;
[3]Divorce, 19 C. J. § 32; [4]Id., 19 C. J. §§ 684, 821; [5]Garnishment,
28 C. J. § 24; [6]Divorce, 19 C. J. § 692; 34 L. R. A. 665; L. R. A.
1915B, 651; 30 A. L. R. 130; 1 R. C. L. 907; 1 R. C. L. Supp.
279; 5 R. C. L. Supp. 53; 6 R. C. L. Supp. 45; [7]Garnishment, 28
C. J. § 29.

installments, and for allowances for the support of a
child, is not such a final judgment or decree that an action
at law, such as an action in garnishment, may be main-
tained thereon.

8. SAME — NOT MAINTAINABLE ON DECREE WITHOUT BRINGING
ACTION AT LAW.
    While garnishment may be based on an indebtedness on
    decree, it may not be based on the decree itself, but it is
    . necessary to sue over in a court of law on the decree and
    to issue the garnishment writ in the county where such
    suit is commenced.

Appeal from Genesee; Black (Edward D.), J. Sub-
mitted January 4, 1928.    (Docket No. 38.)    Decided
February 14, 1928.

Bill by Rose Toth against Ignatz Toth for a divorce:
On petition of defendant to dismiss garnishment pro-
ceedings to enforce payment of alimony.    From an
order denying the petition, defendant appeals.    Re-
versed and remanded.

*Harry Cohen,* for plaintiff.

*Henry Stone,* for defendant.

*Henry F. Massnick,* for garnishee defendant.

CLARK, J.    In 1915, in the Genesee circuit, plain-
tiff was granted divorce from defendant.    Alimony
and allowance were decreed as follows:

"It is further ordered, adjudged and decreed that,
defendant pay to complainant $100 in lieu of dower,
payable $10 monthly in advance from October 1, 1915;
also that defendant pay complainant $3 (three) dollars
weekly in advance for the support of their minor child
until said child attains the age of fourteen years, and
that complainant recover from defendant her costs in-
cluding attorney fees of $25 and that she have execu-
tion therefor.    All of said payments to be made to
the register of this court."

---

[8]Garnishment, 28 C. J. § 29.

It is not necessary to consider a seeming conflict in the above respecting the person to whom payments were to be made.

. On March 2, 1927, plaintiff filed in said court on the law side an "affidavit for writ of garnishment after judgment" in usual form, reciting, in substance, that of moneys so ordered to be paid by the decree there was due and unpaid the sum of $1,900 over and above all legal set-offs, and that Wayne County & Home Savings Bank, a Michigan corporation, had money, etc., in its hands belonging to defendant.

A writ of garnishment was issued and served on the bank, and it filed disclosure showing indebtedness to defendant in the sum of $1,215.41. On April 12, 1927, plaintiff served notice on counsel for the bank, garnishee defendant, of intention to move for judgment against it, and notice of the motion was waived. On the same day and on the chancery side of the court and in the cause in chancery an order was made directing the bank to turn over to plaintiff or her attorney the said sum of $1,215.41, which, it is said, the bank did. With respect to the principal defendant these proceedings were *ex parte.* On May 7, 1927, he filed in the cause a petition to set aside the said order of April 12th, and to modify the original decree, alleging that he had fully paid and satisfied the original decree, praying that the plaintiff and her attorney be ordered to make restitution of the sum of $1,215.41 and for order restraining them from disposing of the money. The restraining order was made. On May 11th the petition was heard and denied, and the restraining order was dissolved. Defendant has appealed.

The bank, garnishee defendant, was not a party to the petition and proceeding to set aside the order by which it was directed to pay said sum to plaintiff or her attorney, and under and by virtue of which order

it made payment, and no relief against it was prayed and it is not before this court. Whether plaintiff or her attorney has the money paid by the bank does not appear. In legal effect the payment was made to the plaintiff. It is apparent that defendant does not seek merely a money decree against the plaintiff, his former wife, for the sum paid. He seeks restoration of the money upon peremptory order against plaintiff, her attorney, and the bank. On the confused and unsatisfactory state of the record we will make no order or decree except as hereinafter stated.

The garnishment proceedings and the order to the bank therein are void, and are open to collateral attack. The court was without jurisdiction. *Nixon* v. *Wright*, 146 Mich. 231 (10 Ann. Cas. 547). Garnishment is a statutory remedy, and the statute must be followed strictly. 1 Stevens' Mich. Prac. p. 138. Jurisdiction of the court in divorce proceedings is entirely statutory. *Kutchai* v. *Kutchai*, 233 Mich. 569.

In this State the periodical allowances to a wife for both herself and a child are treated as alimony under statutes to enforce payment. *Brown* v. *Brown*, 135 Mich. 141.

A judgment or decree for money that is final is a debt (17 C. J. p. 1372), and may form a basis of an action in garnishment (3 Comp. Laws 1915, § 13122, as amended by Act No. 305, Pub. Acts 1925). A party in default in payment of alimony (*Kutchai* v. *Kutchai*, *supra*) may be imprisoned (3 Comp. Laws 1915, § 11443 *et seq.*), and this is on the theory that a decree for alimony is not a debt within the contemplation of section 20, art. 2, State Constitution, forbidding imprisonment for debt. 30 A. L. R. 130, note; *Bowman* v. *Wayne Circuit Judge*, 214 Mich. 518.

A decree for alimony, to be paid from time to time in installments, and for allowances for the support of a child, is not such a final judgment or decree for

money that an action at law can be maintained upon it (*Nixon* v. *Wright, supra; Cain* v. *Miller,* 109 Neb. 441 [191 N. W. 704, 30 A. L. R. 125]).

An action in garnishment is an action of law and it cannot be maintained on a decree for alimony—for a periodical allowance. Moreover, if garnishment could have been maintained on such a decree, the failure of plaintiff to observe the following rule would be fatal:

"If the garnishment proceeding is based on a prior *decree,* rendered in a court of chancery, it is necessary to sue over in a court of law and to. issue the garnishment writ in the county where the suit at law on the decree is commenced. The writ of garnishment cannot be sued out of a court of chancery; neither can it stand alone in a court of law, as above stated; and the two courts are distinct. While garnishment, in other words, may be based on an indebtedness on *decree,* it cannot be based on the decree itself." 1 Stevens' Mich. Prac. p. 144.

As between the parties hereto, the order is set aside, and the cause remanded for such proceedings, if any, as may be advised. No costs.

NORTH, FELLOWS, WIEST, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.