LOOMIS *v.* LOOMIS.

1. DIVORCE—MODIFICATION OF DECREE—ALIMONY.
    The court may modify and revise provisions in decree for alimony (3 Comp. Laws 1929, §§ 12739, 12748).

2. SAME—MODIFICATION OF DECREE—CHILDREN'S SUPPORT—CHANGE OF CONDITION.
    The court may modify provisions for support of children in a decree of divorce upon a showing of a change of condition of the parties arising since the decree justifying modification (3 Comp. Laws 1929, §§ 12739, 12748).

3. SAME—ACCRUED ALIMONY.

The court may modify decree as to accrued amount of alimony.

4. SAME—MODIFICATION OF DECREE—ABUSE OF DISCRETION.

Modification of decree of divorce from husband then earning $52 a week and providing for $20 per week for support of two minor boys so as to award $12 weekly when husband's weekly income was but $26 and $10 when he earned $23 a week *held,* not an abuse of discretion, where wife is a competent business woman and managed a hosiery shop and boys are now at an age wherein they are able to contribute to their own support (3 Comp. Laws 1929, § 12748).

5. COSTS—DIVORCE—AFFIRMANCE OF DECREE FOR HUSBAND.

No costs are allowed either party upon affirmance of order modifying decree of divorce by reduction of amount required for support of children.

Appeal from Kent; Verdier (Leonard D.), J. Submitted June 6, 1935. (Docket No. 42, Calendar No. 38,196.) Decided September 10, 1935.

Bill by Marie L. Loomis against Charles B. Loomis for divorce. On defendant's motion to amend decree. From order for defendant, plaintiff appeals. Affirmed.

*Arthur F. Shaw,* for plaintiff.

*Dunham & Sherk,* for defendant.

EDWARD M. SHARPE, J. The plaintiff, Marie Loomis, was granted a decree of divorce from the defendant, Charles Loomis, September 8, 1928. The decree provided that the defendant pay $20 per week for the support of the two minor children, two boys of the age of 11 and 12 at the time of the decree, and until the younger boy attained the age of 16 years. The divorce was not contested and when granted defendant was employed and earning $52 per week,

The trial court found that in January, 1929, the defendant lost his employment as a full time linotype operator and became a 'sub' operator with earnings of $26 per week; from October 1, 1930, defendant earned $23 per week until April, 1932, and thereafter about $21 per week until the youngest child became 16 years of age; from the time of entering the decree, defendant paid $1,935.13, whereas if the decree had been fully complied with defendant would have paid an additional amount in the sum of $2,959.87. In March, 1934, plaintiff filed a petition for attachment based upon the failure of defendant to make the payments ordered in the divorce decree. Defendant then obtained counsel and filed a motion to amend the decree. This action resulted in the decree being amended November 3, 1934, wherein the trial judge decreed that defendant pay $45 attorney fees and the sum of $460 for maintenance of the minor children at the rate of $20 each pay day. In his opinion, the trial court stated that while the defendant was earning $52 per week he should pay $20 per week, with earnings of $26 per week his payment should have been reduced to $12 per week, and with earnings of $23 per week the payment should have been reduced to $10 per week. From this decree plaintiff appeals.

That the court may modify and revise provisions for alimony is unquestioned, *Sherman* v. *Kent*, 223 Mich. 200, also 3 Comp. Laws 1929, §§ 12739, 12748. However, there must be a change in the condition of the parties arising since the decree to justify the modification of a decree for maintenance of children. *Gould* v. *Gould*, 226 Mich. 340. And where alimony is due and unpaid, the court may modify the decree as to the accrued amount. *Nixon* v. *Wright*, 146 Mich. 231 (10 Ann. Cas. 547).

Having determined that the court has the power and may upon a showing of changed condition modify the payments of a decree for maintenance of children, the next question that presents itself to us is the fairness of the amended decree. In determining this question, we have in mind that plaintiff is a competent business woman and was employed from November, 1931, to January, 1933, as manager of a hosiery shop in Grand Rapids, and that both of the boys are now at an age wherein they are able to contribute to their own support. We cannot say that the trial court abused his discretion in modifying the decree to the extent that he did. There were other questions presented but in view of the fact that the decree is affirmed we do not find it necessary to determine them.

Decree affirmed, without costs to either party.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.