WELLMAN *v.* WELLMAN.

1. APPEAL AND ERROR—DE NOVO REVIEW OF CHANCERY CASES.
   On appeal in divorce case, review is had *de novo*, it being a chancery case.

2. DIVORCE—SUPPORT OF CHILD—ALIMONY.
   A weekly allowance to wife for support of child whose custody was awarded her constituted alimony.

3. SAME—ALIMONY—MODIFICATION OF DECREE.

In the exercise of its discretion a chancery court may modify and revise the provisions of a decree as to alimony and also the amount of accrued and unpaid alimony providing there is a change in the condition of the parties justifying the modification (3 Comp. Laws 1929, §§ 12739, 12748).

4. SAME—ALIMONY—DECREE.

A decree for alimony is not such an unalterable, definite, and fixed judgment for money as will make an adjudication in bankruptcy a discharge.

5. SAME—ALIMONY—MODIFICATION IN DISCRETION OF COURT.

The decree of alimony vests in the wife no absolute right to the allowance, as it may be changed from time to time and reduced or enlarged in the discretion of the court (3 Comp. Laws 1929, §§ 12739, 12748).

6. SAME—ALIMONY—SUPPORT OF CHILDREN—STATUTES—DISCRETION OF COURT.

Statutes relating to alimony and allowance for the support of minor children clearly vest the court with discretion to modify and revise the decree granting such alimony and allowance, and also with discretion regarding the issuance of execution for the collection thereof (3 Comp. Laws 1929, §§ 12739, 12745, 12747, 12748).

7. SAME—ACCRUED ALIMONY—MODIFICATION OF DECREE.

On petition filed in 1942 to collect alimony ordered paid by decree rendered in 1930 for support of then minor son, where such son was no longer dependent upon either party for support, defendant husband had paid $280 in cash on amount ordered, both parties had remarried and husband acquired four more children by second marriage, and income was materially reduced, modification of decree as to alimony so as to reduce amount due of upwards of $2,300 down to $410 payable in $5 monthly instalments was not an abuse of discretion.

8. SAME—MODIFICATION OF DECREE—COSTS.

Due to financial circumstances of the parties no costs are allowed in proceedings to enforce provisions relating to alimony in decree for divorce upon modification of decree.

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 9, 1943. (Docket No. 52, Calendar No. 42,344.) Decided May 18, 1943. Rehearing denied June 30, 1943.

Petition by Lola P. Wellman against Alex Wellman for an execution in amount due for back alimony and for other relief. Decree for defendant. Plaintiff appeals. Affirmed.

*Fred P. Geib* (*Clem H. Block,* of counsel), for plaintiff.

*Frank I. Blake,* for defendant.

STARR, J.  Plaintiff and defendant were married in 1923 and one child, a son, was born of such marriage.  On May 6, 1930, plaintiff obtained a decree of absolute divorce on the grounds of cruelty and nonsupport.  Such decree gave plaintiff the care and custody of their minor son and ordered defendant to pay her $200 in lieu of dower rights, and also $6 per week until the son attained the age of 16 years.

When such divorce decree was rendered, defendant was employed at a salary of $120 a month.  A few weeks thereafter he was laid off and, being unable to obtain other employment, moved onto a 60-acre farm which he had purchased in 1920 and which was subject to a $2,000 mortgage.  In 1932 defendant remarried, and four children have been born of such marriage.  He and his second wife and family have continuously resided on the farm.  The minor son of the parties became 16 years old in July, 1940, and he is now in the United States army.

In September, 1942, plaintiff, who had also remarried, filed petition alleging that on the decreed allowance of $6 per week defendant had paid, in small amounts and at irregular times, the aggregate amount of only $280; and that, when their minor son became 16, defendant owed her a balance of $2,894.  In her petition plaintiff asked the court to

determine the amount owing to her from defendant and to authorize the issuance of an execution for the collection of such amount.    (3 Comp. Laws 1929, § 12747 [Stat. Ann. § 25.105]).

Defendant answered, admitting that he had paid plaintiff only $280 in money and alleging that he had also contributed to her farm produce in the amount of about $37.   He also alleged in substance that, by mutual agreement with plaintiff, the weekly allowance had been reduced to $3 per week beginning March, 1937, and that he owed her a balance of only about $2,300.   He stated that, because of crop failures, sickness, loss of stock, and small income, he had been unable to pay plaintiff the decreed allowance and that he had "paid and contributed in cash and in produce every cent that he could."

The matter was brought on for hearing, and defendant was examined and cross-examined regarding his property and income.   He testified in substance that his farm, valued at $2,000, was subject to a $1,500 mortgage; that his total indebtedness, including the farm mortgage, was about $2,900; that he had a few head of cattle subject to a $400 chattel mortgage, two horses, three hogs, a few chickens, some farm products, an old automobile, a small amount of farm equipment; and that his average annual gross income from the farm was $700 to $800.   It reasonably appears that defendant was experiencing a rather severe struggle in his attempt to make a living for himself and his family.

Plaintiff insisted, in effect, that defendant's cattle and other personal property, not exempt, be sold on execution and the proceeds applied on his indebtedness to her.   In his opinion the trial court said:

"It can scarcely be said that he has made a decent living for himself, let alone supporting his family and this is true right up to the present time.

"He is heavily in debt, not only on the mortgage, but for taxes, interest, loans, doctor, hospital and even grocery bills. His only regular cash income is a milk check every two weeks which at present is about $5.60 but later may reach $15.    *    *    *

"I am satisfied that little though it was, the defendant paid all he could have paid.    *    *    *    It may be argued that his first responsibility was to aid in the support of his first child and that he had no business to remarry and to raise another family in the face of that obligation. I shall not dispute the theory of the law but theory must give way to realism in a case of this kind; otherwise his second family would simply have to become the objects of public charity.    *    *    *

"The boy (minor son) no longer needs support. *    *    *

"My recommendation is that the defendant be required to pay the $410 in monthly instalments of $5 each, which I believe is all that he can scrape together."

On December 30, 1942, a supplemental decree was entered, modifying and amending the original decree by ordering defendant to pay plaintiff the sum of $410 in monthly instalments of $5 each and by providing that such sums, when paid, should be in full satisfaction of the balance due plaintiff under the original decree. Plaintiff's application for writ of execution was denied. She appeals from such supplemental decree, contending that by reducing the amount of the alimony allowance and refusing to issue execution the trial court abused its discretion. This being a chancery case, we consider the same *de novo.*

Plaintiff contends in substance that the balance remaining due from defendant under the original decree at the time the minor child became 16 years old in July, 1940, was a fixed debt which she was

entitled to collect by levy of execution and which the trial court could not revise or reduce. We cannot agree with such contention. The weekly allowance to plaintiff constituted alimony. *Toth* v. *Toth,* 242 Mich. 23 (56 A. L. R. 839); *Kutchai* v. *Kutchai,* 233 Mich. 569; *Brown* v. *Brown,* 135 Mich. 141. The law has long been established in this State that in the exercise of its discretion a 'chancery court may modify and revise the provisions of a decree as to alimony and also the amount of accrued and unpaid alimony.

Our decision in *Loomis* v. *Loomis,* 273 Mich. 7, is determinative of the question before us. In that case plaintiff Marie Loomis obtained a decree of divorce in September, 1928. The decree ordered defendant to pay plaintiff $20 per week for the support of their two minor children until the younger child attained the age of 16 years. When the decree was granted, defendant was earning $52 a week, but his earnings declined until in April, 1932, and thereafter, he received only about $21 a week. He failed to keep up his weekly payments, and when the younger child became 16 years old, he owed plaintiff a balance of about $2,900. In March, 1934, plaintiff filed petition for attachment against defendant, and he moved to amend the decree. The trial court amended the decree by reducing the amount due plaintiff to $460 and ordering defendant to pay such sum in instalments of $20 each pay day. Plaintiff appealed, and in affirming such amended decree Mr. Justice EDWARD M. SHARPE, writing for the court, said:

"That the court may modify and revise provisions for alimony is unquestioned, *Sherman* v. *Kent,* 223 Mich. 200, also 3 Comp. Laws 1929, §§ 12739, 12748. However, there must be a change in the condition of the parties arising since the decree to jus-

tify the modification of a decree for maintenance of' children. *Gould* v. *Gould,* 226 Mich. 340. And where alimony is due and unpaid, the court may modify the decree *as to the accrued amount. Nixon* v. *Wright,* 146 Mich. 231 (10 Ann. Cas. 547).''

''The legislature has given to the court of chancery the power to conserve the interests of the parties to divorce cases, by altering decrees regarding the wife's support. A decree for alimony is not such an unalterable, definite, and fixed judgment for money—a debt—as will make an adjudication in bankruptcy a discharge.'' *Nixon* v. *Wright, supra.*

''The statute * * * authorizes courts of chancery to at any time, on the petition of either party, revise and alter the decree as to alimony or allowance for the support of minor children. * * * It is immaterial whether the decree for alimony and the support of children is incorporated in the decree by the consent of the parties, or by a determination of the court. When once incorporated in the decree the court obtains jurisdiction to revise it at any time thereafter.'' *Camp* v. *Camp,* 158 Mich. 221.

''The decree of alimony vests in the wife no absolute right to the allowance, as it may be changed from time to time, and reduced or enlarged in the discretion of the court.'' *Perkins* v. *Perkins,* 10 Mich. 425.

In *Van Dommelen* v. *Van Dommelen,* 218 Mich. 149, 154, we said:

''In making the award (of alimony), and later in enforcing it, the court is expected and required to have due regard to the ability of the husband, the character and circumstances of the parties and all other circumstances of the case.''

See, also, *Bradley* v. *Bradley,* 292 Mich. 370; *Barry* v. *Barry,* 291 Mich. 666; *Tyson* v. *Tyson,* 283

Mich. 192; *Kelly* v. *Kelly,* 194 Mich. 94; *Aldrich* v. *Aldrich,* 166 Mich. 248.

The statutes of this State relating to alimony and allowance for the support of minor children clearly vest the court with discretion to modify and revise the decree granting such alimony and allowance, and also with discretion regarding the issuance of execution for the collection thereof. (3 Comp. Laws 1929, §§ 12739, 12745, 12747, 12748 [Stat. Ann. §§ 25.97, 25.103, 25.105, 25.106]).

In the instant case, at the time of the hearing in 1942, the minor child was not dependent upon plaintiff or defendant for his support. The present proceedings were, in reality, an effort by plaintiff to collect the alimony which defendant had failed to pay under the original decree. The balance due on such alimony was not a fixed debt but was subject to revision and modification by the trial court, who saw and heard the parties and was in a better position to determine the equities of the situation. *Stein* v. *Stein,* 303 Mich. 411; *Loomis* v. *Loomis, supra.*

From our study of the record we find no manifest abuse of discretion by the trial court, and we are not convinced that we should have reached a different conclusion had we occupied the position of the trial court.

The supplemental decree entered December 30, 1942, is affirmed. In view of the financial circumstances of the parties, no costs will be allowed.

Boyles, C. J., and Chandler, North, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.