[Civ. No. 14639.   Second Dist., Div. Two.   Feb. 19, 1945.]

ELLEN BUTLER MacDONALD, Appellant, v. MILTON L. BUTLER, Respondent.

Donald S. McMillan and Fred W. Chase for Appellant.

Glenn Whitney for Respondent.

WOOD (W. J.), J.—In this action plaintiff sought to have a judgment entered by the Superior Court of Los Angeles County for a sum ordered paid to her for the support of minor children by the Circuit Court of St. Clair County, Michigan, in a divorce action.  She alleged that the sum of $6,680 had accrued under the order of the Michigan court.  Defendant's demurrer was sustained without leave to amend and plaintiff has appealed from the resulting judgment of dismissal.

The decree of the Michigan court provides in part as follows: "That said defendant, Milton L. Butler pay to the Clerk of this Court for the support, maintenance and education of the said minor children of the parties hereto, the sum of fifteen ($15.00) dollars per week hereafter until further order of this Court, the first of such payments to be due and payable on the date hereof."  Plaintiff has attached to her complaint a copy of the Michigan decree and asks that "the said judgment and decree so rendered by the Circuit Court for the County of St. Clair, State of Michigan, on the 4th day of

June, 1934, be established as a foreign judgment and that the same be enforced in this action in the manner provided by law; that it be adjudged and decreed that there is now due and owing to the plaintiff from the defendant the sum of six thousand, six hundred eighty ($6,680.00) dollars; that said foreign judgment and decree be established as to the future and unaccrued payments as provided therein.''

■ Plaintiff contends that the full faith and credit clause of the Constitution of the United States, article IV, section 1, is applicable. Defendant relies upon the rule that the constitutional provision in question is applicable only to cases in which a final judgment has been rendered in a sister state and asserts that the Michigan decree which plaintiff seeks to enforce is not a final judgment.

In the Michigan statute it is provided: ''After a decree of alimony or other allowance for the wife and children, or either of them . . . the court may, from time to time, on the application of either of the parties, revise and alter such decree, respecting the amount of such alimony or allowance and the payment thereof, . . . and may make any decree respecting any of the said matters, which such court might have made in the original suit.'' (Michigan Compiled Laws, 1929, No. 12748, 18 Mich.Stat.Ann., chap. 245, No. 25.106.) In interpreting this statutory provision the Michigan courts have held that the trial court reserves jurisdiction to modify an award for support money and that the right of modification extends to accrued payments. (*Nixon* v. *Wright,* 146 Mich. 231 [109 N.W. 274, 10 Ann.Cas. 547]; *Loomis* v. *Loomis,* 273 Mich. 7 [262 N.W. 331]; *Toth* v. *Toth,* 242 Mich. 23 [217 N.W. 913, 56 A.L.R. 839]; *Wellman* v. *Wellman,* 305 Mich. 265 [9 N.W. 2d 579].) In the Nixon case, an action at law was brought on a divorce decree and the Supreme Court of Michigan held that the plaintiff could not proceed to judgment because the decree was ''subject to modification by the court which made it at any time . . . a decree for alimony is not a non-alterable, evident and fixed judgment for money. . . .'' In *Biewend* v. *Biewend,* 17 Cal.2d 108 [109 P.2d 701, 132 A.L.R. 1264], our Supreme Court followed the rule of *Sistare* v. *Sistare,* 218 U.S. 1 [30 S.Ct. 682, 54 L.Ed. 905] and, while holding that a divorce decree providing for support money rendered in the State of Missouri was a final judgment that could be enforced in California, expressly stated that ''Only if such accrued

payments are still subject to modification may recovery be denied." The court also held that the full faith and credit clause "does not obligate the courts of one state to enforce an alimony decree rendered in another state with regard to future payments, particularly when such future installments are subject to modification by the court of original jurisdiction."

Since the judgment of the Michigan court was not final, the trial court ruled correctly in sustaining the demurrer.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.