## YDROGO v. YDROGO.

1. Divorce—Modification of Decree—Change of Conditions.
   Courts may modify provisions for alimony in a decree of divorce upon a showing of a change of conditions of the parties.

2. Same—Accrued Alimony—Change of Conditions.
   There was an improvement in defendant husband's financial condition such as to warrant his payment of $6 per week upon back alimony of $3,500, where he had been relieved from paying $6 per week for support of 1 of 6 children when such child became 17 years of age, and defendant now has $2 more per week income; the fact that he is supporting 2 of his second wife's grandchildren not altering his obligation to pay accrued alimony.

Appeal from Wayne; Culehan (Miles N.), J. Submitted October 5, 1955. (Docket No. 26, Calendar No. 46,598.) Decided December 1, 1955.

A decree of divorce by Rita Ydrogo from Jose Ydrogo was modified on several occasions, most recently to provide that certain payments apply on alimony arrears. Defendant appeals. Affirmed.

*William Kruszynski Kreston,* for plaintiff.

*Harold J. Smith (Carroll C. Grigsby,* of counsel), for defendant.

References for Points in Headnotes

[1] 17 Am Jur, Divorce and Separation §§ 643, 651.
[2] 17 Am Jur, Divorce and Separation §§ 656, 662, 671.

SHARPE, J. Plaintiff was granted a divorce from defendant in 1940. At that time there were 5 children as the result of this marriage. Plaintiff was given custody of 3 of the children and was awarded alimony at the rate of $8 per week. Approximately 2 months after the decree was entered, plaintiff gave birth to another son. In February of 1943 plaintiff was given custody of all 6 children and awarded for their support $15 per week. The amended decree also provided that defendant forthwith pay all past due allowances. It appears that for a period of 10 years after the divorce was granted defendant only paid the sum of some $180 in alimony. In October of 1950 defendant was in default in approximately the sum of $7,000.

Plaintiff filed a petition to compel defendant to pay the amount due on neglected payments. The trial judge granted plaintiff custody of 3 children who were then under the age of 17 years. Defendant was ordered to pay plaintiff the sum of $7 per week for the support of the youngest child, and to pay the Wayne county board of auditors the sum of $12 for the support of 2 children who were then in the Wayne County Training School. The amount of arrearage in payment of accrued alimony was also reduced to $3,500. Upon appeal to the Supreme Court* we modified the decree, quoted in part as follows:

"The amount of arrearage in payment of accrued alimony herein by defendant is, as of the date of this decree, reduced to and decreed to be $3,500; however, the order of the trial court in its amended decree that said sum be paid forthwith by said defendant should be and hereby is vacated and in lieu thereof, it is hereby ordered, adjudged and decreed that future proceedings to enforce the payment of

---

\* See *Ydrogo* v. *Ydrogo,* 332 Mich 530. The quotation here is from the decree as entered and not from the opinion.—REPORTER.

said sum of $3,500 shall be had only in the event of a showing of a change of circumstances as to 1 or more of the 3 minors for whose support and maintenance provision is herein made, or upon a showing of defendant's changed and improved ability to meet the payment either in gross, or in instalments, of said sum of $3,500."

On March 4, 1953, David, one of the minor children of the parties, became 17 years of age, and defendant's liability for his support ceased. Defendant's support payment was thereby reduced from $19 to $13 per week. Plaintiff thereupon filed a petition to amend the modified decree of divorce to require defendant to pay $6 per week to apply on the unpaid amount of $3,500. The trial court granted her petition. The record shows that defendant is now earning $2 more per week than when our Court modified the decree. The record also shows that defendant has since remarried and has living with him 2 of his wife's grandchildren. Defendant appeals from the order of the trial court and urges that under the circumstances of this case, there was not such an improved ability on his part as warranted a further modification of the decree.

Courts may modify a divorce decree upon a showing of a change of conditions of the parties. See *Loomis* v. *Loomis*, 273 Mich 7. In the case at bar defendant's financial condition was bettered by reason of his increased earning of $2 per week, and the reduction in payments of $6 per week by reason of 1 child becoming 17 years of age. Under these conditions there was an improvement in his financial condition to warrant his paying $6 per week upon accrued and unpaid alimony. The fact that defendant is now supporting 2 of his second wife's

grandchildren does not alter his obligation to pay accrued alimony.

The decree is affirmed, with costs to plaintiff.

CARR, C. J., and BUTZEL, SMITH, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.