POHL v. POHL.

1. DIVORCE—ALIMONY—CONSENT ORDER—MODIFICATION OF DECREE.

A trial court has authority to modify a decree of alimony notwithstanding the fact that the decree has been amended by a consent based upon written stipulation of the parties.

2. SAME—ALIMONY—MODIFICATION OF DECREE—DISCRETION OF COURT.

A decree of alimony vests neither an absolute right in the wife to receive the allowance nor a property right in the wife; therefore a trial court may in its discretion modify the alimony decree and the amount of alimony declared accrued and unpaid if there appears sufficient change in the condition of the parties to justify the modification.

3. SAME — ALIMONY — MODIFICATION OF DECREE — CHANGE IN THE CONDITION OF A PARTY.

It is not necessary for a husband to show a change in both his own and his wife's financial condition before the court will be warranted in modifying a decree of alimony, for the intent

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation §§ 665, 670, 671.
[2, 3] 24 Am Jur 2d, Divorce and Separation §§ 675–681.
    Change in financial condition or need of parents or children as
    ground for modification of decree for child support payments.
    89 ALR2d 7.

of the legislature and the courts is to allow modification of
an alimony decree when a careful appraisal of the entire record
indicates the financial condition of the husband has changed
by reason of greatly diminished income.

Appeal from Wayne, Moynihan (Joseph A., Jr.),
J. Submitted Division 1 February 7, 1968, at
Detroit. (Docket No. 3,724.) Decided October 23,
1968.

Complaint by Mary E. Pohl against Frederick B.
Pohl for divorce. Divorce and alimony granted
plaintiff. Defendant's motion for modification of
the amended decree of permanent alimony granted.
Plaintiff appeals. Affirmed.

*Small & Small* (*Edward P. Echlin*, of counsel),
for plaintiff.

*Bruce R. Tamsen,* for defendant.

LESINSKI, C. J. The plaintiff appeals from an
order of the circuit court granting the petition of
defendant for modification of an amended decree
for permanent alimony.

Plaintiff secured a divorce from defendant on May
17, 1951. The decree ordered defendant to pay $500
per month alimony until the death or remarriage of
his wife. It appears that defendant was unable to
keep current in his payments. The court entered
an order on July 5, 1963, amending the decree of
alimony in accordance with a stipulation of the
parties.

The consent order determined the alimony in
arrearage to be $13,750 and required defendant to
place stock valued at $14,000 in escrow as security
for its payment. Current alimony was reduced to
$50 a week. In 1965, defendant petitioned for fur-

ther modification claiming a reversal in his financial
condition. The record shows that the friend of the
court was unable to make a full report to the judge
on the circumstances of the parties due to plaintiff's
failure to appear at scheduled hearings. The judge
after a full hearing, again absent the plaintiff, found
that the defendant's financial condition had, in fact,
deteriorated substantially since the original decree
issued. An order was entered October 28, 1966,
terminating alimony payments as of July 5, 1963,
and making the $13,750 arrearage due and payable
at the rate of $35 per week, secured by the stock in
escrow.

Plaintiff claims on appeal that (1) the trial court
had no authority to modify a consent order based
on the stipulation of the parties; (2) modification
of the amended decree deprived plaintiff of a prop-
erty right in the accrued and unpaid alimony with-
out due process of law; and (3) the defendant failed
to prove a sufficient change in the condition of the
parties to warrant modification of the amended
decree.

The first claim of the plaintiff is without merit.
It was held in *Marks* v. *Marks* (1933), 265 Mich 221,
that an order of modification could be issued by the
court, notwithstanding a previous consent order
embodying a written stipulation of the parties. See,
also, *Eddy* v. *Eddy* (1933), 264 Mich 328, and *Camp*
v. *Camp* (1909), 158 Mich 221.

Similarly, the second claim is contrary to the
decided cases. In *Wellman* v. *Wellman* (1943), 305
Mich 365, our Supreme Court said it was long estab-
lished law in this state that a chancery court has
the discretion to modify a decree as to alimony
*and also the amount of accrued and unpaid alimony,*
provided there is a subsequent change in the condi-
tion of the parties to justify the modification. The
*Wellman* Court, at page 371, quoted with approval

from the case of *Perkins* v. *Perkins* (1862), 10 Mich 425, 426, as follows:

" '*The decree of alimony vests in the wife no absolute right to the allowance,* as it may be changed from time to time, and reduced or enlarged in the discretion of the court.' "    (Emphasis supplied.)

See, also, *Chipman* v. *Chipman* (1944), 308 Mich 578.

The plaintiff has not shown by what alchemy the amendatory order of July 5, 1963 gave her a vested right to permanent alimony. And the cases cited by the plaintiff in this regard are concerned with the award of alimony in gross or a property settlement. None touch the plaintiff's case.

It is also plaintiff's claim that the defendant must show a sufficient change in her condition as well as his own before the court is warranted in modifying a decree of alimony under CL 1948, § 552.28 (Stat Ann 1957 Rev § 25.106).

This Court said in *Esslinger* v. *Esslinger* (1967), 9 Mich App 11, 18, that "the intent of the legislature and the courts clearly is to allow for future modification of divorce decrees when in fact the husband's income has been diminished." We are satisfied from a careful appraisal of the entire record that there has been a sufficient change in the financial condition of the defendant, by reason of a greatly diminished income, to justify the order of modification herein appealed. *Bailey* v. *Bailey* (1958), 352 Mich 113. We note that counsel for the wife admitted at the hearing:

"So there is no question in my mind and I submit as a matter of fairness, as an officer of this court, in all honesty, he [defendant] does have a showing here of where there has been some reduction in his earnings and as a matter of temporary relief he is entitled to that. I don't deny him that. How much I don't know. He is entitled to something."

The plaintiff preferred to remain silent and assert only the defendant's duty to provide for her support. There does not, however, appear to be an absolute duty to support the wife regardless of the circumstances of the husband. *Socha* v. *Socha* (1966), 5 Mich App 404.

We are not convinced that we would have reached a different conclusion had we been sitting as the trial court in this case.

The order modifying the amended decree is affirmed, without prejudice, however, to the right of the plaintiff to file a future petition to modify based upon an adequate showing of changed circumstances and conditions.

An additional claim raised by plaintiff has been considered and found to be without merit.

No costs.

McGregor and Levin, JJ., concurred.