SCHAEFFER v SCHAEFFER

Docket No. 49658. Submitted February 5, 1981, at Lansing.—Decided May 19, 1981.

Robert W. Schaeffer filed a petition to abate or reduce alimony which he was required to pay to Jacqueline Y. Schaeffer pursuant to an award in a judgment of divorce. Jacqueline Y. Schaeffer filed a cross-petition for an increase in alimony and award of attorney fees, and for a finding that Robert W. Schaeffer was in contempt for failing to pay alimony. Following a hearing, Washtenaw Circuit Court denied both parties' petitions for modification of the alimony award, found Robert W. Schaeffer in contempt, and sentenced him to jail unless he paid the alimony arrearage and Jacqueline Y. Schaeffer's attorney fees and executed a wage assignment, Henry T. Conlin, J. Robert W. Schaeffer complied with the court's order. Both parties appeal. Robert W. Schaeffer alleges that the trial court erred in ordering him to execute the wage assignment because it lacked the power to so order him, in allowing the friend of the court to submit an order of wage assignment, in awarding attorney fees incurred by Jacqueline Y. Schaeffer in a foreign action, in refusing to modify the award of alimony, and in refusing to eliminate the alimony arrearage. Jacqueline Y. Schaeffer alleges that the trial court erred in refusing to modify the award of alimony. *Held:*

1. The trial court erred in basing its order to execute a wage assignment on a provision of the failure to pay alimony act

REFERENCES FOR POINTS IN HEADNOTES

[1, 5, 6] 24 Am Jur 2d, Divorce and Separation § 531.

[2, 4] 20 Am Jur 2d, Courts § 101.

[3, 5] 24 Am Jur 2d, Divorce and Separation § 241.

[7] 73 Am Jur 2d, Statutes § 181.

[8, 9] 24 Am Jur 2d, Divorce and Separation § 573.
  Amount of attorney's fees in matters involving domestic relations. 59 ALR3d 152.

[9] 24 Am Jur 2d, Divorce and Separation §§ 948, 978.

[10, 11] 24 Am Jur 2d, Divorce and Separation § 675 *et seq.*
  Power of court to modify decree for alimony or support to spouse which was based on agreement of parties. 61 ALR3d 520.

which pertains only to failure to pay child support. However, the order was proper as an exercise of the court's inherent equitable powers.

2. The trial court's decision to award attorney fees incurred in a foreign proceeding to collect alimony was not such, under the facts of the case, as to cause the Court of Appeals to conclude that it would have reached a different result had it occupied the position of the trial court, nor did the award violate the Full Faith and Credit Clause of the United States Constitution.

3. The record does not reveal any new facts or circumstances which clearly would justify modification of the award of alimony in favor of either party. The decision of the trial court to deny modification was not such as to convince the Court of Appeals that it would have reached a different result had it occupied the position of the trial court.

4. The trial court properly refused to eliminate the alimony arrearage, no showing of a change in circumstances subsequent to the award which would justify such elimination having been made.

Affirmed in part, modified in part.

1. DIVORCE — ALIMONY — CHILD SUPPORT — ASSIGNMENT OF WAGES — STATUTES.

The provision of the failure to pay alimony act authorizing a court to order the assignment of the income of a party to an action for divorce who is responsible for the payment of child support, where such person fails or refuses to pay, does not apply to a case in which a party fails to pay alimony (MCL 552.201, 552.203; MSA 25.161, 25.163).

2. COURTS — ORDERS — ENFORCEMENT POWERS.

A court possesses inherent authority to enforce its own directives.

3. DIVORCE — EQUITY — COURTS.

A divorce action is equitable in nature, and, since a court of equity molds its relief according to the character of a case, once a court acquires jurisdiction in a divorce action it will do what is necessary to accord complete equity and conclude the controversy.

4. COURTS — CIRCUIT COURTS — ORDERS — JUDGMENTS — ENFORCEMENT POWERS — STATUTES.

Circuit courts have jurisdiction and power to make any order which is proper to fully effectuate their jurisdiction and judgments (MCL 600.611; MSA 27A.611).

5. Divorce — Alimony — Wage Assignments — Courts — Equity.

A trial court in a divorce action pursuant to its inherent equitable powers may order a party who is responsible for the payment of alimony pursuant to a judgment of divorce to execute a wage assignment where such party has failed to pay the alimony, has moved to a foreign jurisdiction, and has shown no intention to permanently return to Michigan.

6. Divorce — Alimony — Wage Assignments — Courts — Orders — Court Rules — Statutes.

A trial court in a divorce action may permit the friend of the court to submit an order of wage assignment in an alimony proceeding following a full evidentiary hearing during which the party affected had an opportunity to present witnesses in his behalf and where that party had executed a slightly different wage assignment (GCR 1963, 727; MCL 552.253; MSA 25.173).

7. Courts — Court Rules — Statutes.

A court rule controls where it conflicts with a statute on procedural matters.

8. Divorce — Appeal — Attorney Fees.

An award of attorney fees in a divorce action rests within the discretion of the trial court, and on appeal the Court of Appeals will not substitute its judgment for that of the trial court unless it is clear that it would have reached another result had it occupied the position of the trial court.

9. Divorce — Alimony — Attorney Fees — Foreign Actions — Constitutional Law — Full Faith and Credit.

A Michigan court, in an action to enforce payment of alimony pursuant to a judgment of divorce, may award attorney fees incurred in an action in a foreign jurisdiction for the collection of alimony payments where the foreign action resulted from a failure to pay alimony as ordered by the Michigan court and the foreign court did not address the issue of attorney fees; such award does not violate the Full Faith and Credit Clause (US Const, art IV, § 1).

10. Divorce — Alimony — Modification of Award — Appeal.

An award of alimony in a judgment of divorce may be modified only where new facts or changed circumstances arising since the rendering of the judgment justify the modification, and on appeal, following *de novo* review, the Court of Appeals will not disturb a decision of a trial court modifying the award unless it

is convinced that it would have reached a different result had it occupied the position of the trial court.

11. DIVORCE — ALIMONY — ACCRUED AND UNPAID ALIMONY — MODIFICATION OF ACCRUED ALIMONY.

A trial court in a divorce action in its discretion may modify the amount of accrued and unpaid alimony where there is a change in circumstances subsequent to the award which justifies the modification.

*Garris, Garris & Garris, P.C.,* for plaintiff.

*Laird & Grace* (by *Sherry Chin),* for defendant.

Before: DANHOF, C.J., and R. M. MAHER and BEASLEY, JJ.

BEASLEY, J. Plaintiff, Robert W. Schaeffer, appeals a trial court's denial of his motion for modification of alimony and elimination of alimony arrearages owed to defendant, Jacqueline Y. Schaeffer. Defendant wife cross-appeals the trial court's refusal to increase the alimony.

The Schaeffers, who had been married for 26 years, were divorced on September 9, 1976.[1] The judgment of divorce awarded defendant wife $1,250 a month in alimony and $20,000 of the couple's property. Defendant wife was not employed at the time of the divorce.

Soon after the divorce, defendant began a number of legal actions in Michigan and New York, where plaintiff lived, to collect the alimony which plaintiff had failed to pay. On February 14, 1979, a Michigan court awarded a $13,000 judgment on the accrued alimony arrearages to defendant. Defendant subsequently obtained a $550 per month garnishment order of plaintiff's salary from a New York court. Plaintiff filed a motion to abate or

[1] Both parties and their respective counsel approved the divorce judgment in writing as to form and content.

reduce the alimony. Defendant cross-petitioned, asking for an increase in alimony, an award of attorney fees, and a finding that plaintiff was in contempt.

After a hearing on these matters, the trial court denied plaintiff's petition to modify the alimony and found plaintiff in contempt for failure to pay alimony. He was sentenced to one year in jail unless he paid the $10,000 alimony arrearage and $5,000 in defendant's attorney fees and executed a wage assignment for $1,250 a month. Plaintiff paid the arrearages and attorney fees and executed the wage assignment. On January 9, 1980, his subsequent request for reconsideration was denied.

On appeal, plaintiff claims that the trial court could not order him to execute a wage assignment because MCL 552.203; MSA 25.163, which the trial court relied upon, only allows wage assignments for money owed for child support. This statute, in relevant part, provides:

"Whenever the events described in section 1 have resumed so that the court would be authorized to place a person on probation the court may order an assignment to the friend of the court of the salary, wages or other income of the person responsible for the payment of support and maintenance, which assignment shall continue until further order of the court." (Footnote omitted.)

The scope of application of this statute is governed by MCL 552.201; MSA 25.161 which, in relevant part, provides:

"Whenever either party to a proceeding for divorce or separate maintenance has been ordered or decreed to pay money for the support and maintenance of minor

children and fails or refuses to obey and perform such order, and has been found guilty of contempt of court for such failure or refusal, the court making such order in contempt proceedings may forthwith upon the filing of a sworn affidavit of complaint establishing such fact of nonpayment, issue a bench warrant requiring said party to be brought forthwith before said court to answer and plead to such neglect or refusal."

This latter statute, as originally enacted in 1913,[2] only covered cases where there was a failure to pay alimony. In 1919, the statute was amended also to include cases where there was a failure to pay child support.[3] A 1931 amendment deleted all references to alimony payments and, thus, put the statute into what is basically its present form under which only failure to pay child support is covered.[4]

Although the title to the act is "Failure to Pay Alimony", it is clear from the legislative history and the plain language of MCL 552.201; MSA 25.161 that the Legislature did not intend MCL 552.203; MSA 25.163 to apply to cases where a party fails to pay alimony. Thus, the trial court was in error in relying on these statutes to compel plaintiff to execute a wage assignment. However, our inquiry does not end here.

A court possesses inherent authority to enforce its own directives.[5] A divorce case is equitable in nature, and a court of equity molds its relief according to the character of the case; once a court of equity acquires jurisdiction, it will do what is necessary to accord complete equity and to conclude the controversy.[6] Moreover, MCL 600.611;

---

[2] 1913 PA 239, § 1.

[3] 1919 PA 415.

[4] 1931 PA 232.

[5] *Greene v Greene,* 357 Mich 196, 202; 98 NW2d 519 (1959).

[6] *St Clair Commercial & Savings Bank v Macauley,* 66 Mich App 210, 214; 238 NW2d 806 (1975).

MSA 27A.611 provides:

"Circuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit courts' jurisdiction and judgments."

In the present case, plaintiff was ordered to pay $1,250 per month in alimony to his wife. Soon after the divorce, the trial court had to issue show cause orders on three different occasions to ensure that plaintiff paid the alimony. After plaintiff moved to New York, he failed to pay the alimony, and a $13,000 deficit accrued. In an effort to recover the alimony, defendant was required to commence an action in New York, which gained her only $550 a month. At the time of the hearing below, plaintiff still resided in New York with no showing of an intention of permanently returning to Michigan. Therefore, to ensure that the alimony was paid, the trial court ordered plaintiff to execute a wage assignment. This was a proper exercise of the trial court's equitable powers.

Plaintiff also contends that MCL 552.253; MSA 25.173 prevents the friend of the court from submitting orders to the trial court in alimony procedures. This argument ignores GCR 1963, 727, which requires the friend of the court to investigate, report, and make recommendations in alimony proceedings. Where a court rule and statute conflict on procedure, the court rule controls.[7]

In this case, the trial court did not err when it allowed the friend of the court to submit an order of wage assignment. Plaintiff's argument that the order was entered *ex parte* by the friend of the court lacks merit. The order was entered by the trial court after a full evidentiary hearing where

---

[7] *Perin v Peuler,* 373 Mich 531, 540; 130 NW2d 4 (1964).

plaintiff had a chance to call witnesses and where he had signed a slightly different form of authorization to withhold wages for application to alimony.

Plaintiff also objects to the award of attorney fees by the trial court. The matter of attorney fees rests generally in the sound discretion of the trial judge.[8] The standard of appellate review of an award of attorney fees in a divorce case is that this Court will only substitute its judgment for that of the trial court where it is clear that it would have reached another result had it occupied the position of the trial court.[9]

In the present case, plaintiff's refusal to pay alimony made it necessary for defendant to commence actions in Michigan and New York. These actions, together with plaintiff's refusal to pay the alimony, left defendant without sufficient funds to maintain herself. Under the facts present in this case, it is not clear that we would have reached a different result regarding attorney fees awarded by the trial court had we occupied the position of the trial court.

The trial court's inclusion of attorney fees for the action in New York does not violate the Full Faith and Credit Clause of the United States Constitution,[10] as the New York court never addressed the issue of attorney fees. As indicated, we view the New York proceedings as caused by plaintiff's defaults and as part of the full picture of defendant's efforts to collect amounts awarded her in the divorce judgment.

We also note defendant's request that this Court award her attorney fees for this appeal. Viewing

[8] *Vaclav v Vaclav,* 96 Mich App 584, 593; 293 NW2d 613 (1980).

[9] *White v White,* 86 Mich App 98, 102; 272 NW2d 202 (1978).

[10] US Const, art IV, § 1.

the totality of circumstances surrounding this appeal and taking into consideration our disposition, we award to defendant, payable by plaintiff, the sum of $2,000 as attorney fees on appeal.

Both parties appeal the trial court's refusal to modify the alimony award. Modification of an alimony award may rest only upon new facts or changed circumstances arising since the judgment which justify the revision.[11] This Court reviews divorce judgment modifications *de novo* and will not disturb the trial court's decision unless it is convinced that it would have reached another result had it occupied the position of the trial court.[12]

A review of the record does not disclose any new facts or change of circumstances which would clearly justify either a decrease or an increase in the alimony award. Thus, we are not convinced that we would have reached a different result regarding modification of the alimony award had we occupied the position of the trial court.

Finally, plaintiff argues that the trial court erred when it refused to eliminate the alimony arrearage. A trial court has the discretion to modify the amount of accrued and unpaid alimony if there is a subsequent change in circumstances to justify the modification.[13] In the present case, plaintiff has failed to show any change of circumstances which would justify the elimination of the alimony arrearage. The trial court did not abuse its discretion.

Affirmed in part, modified in part. No costs, neither party having prevailed in full.

[11] *Graybiel v Graybiel,* 99 Mich App 30; 297 NW2d 614 (1980).

[12] *Id.,* 33.

[13] *Pohl v Pohl,* 13 Mich App 662, 664; 164 NW2d 768 (1968).