JACOBSON v JACOBSON

Docket Nos. 56799, 57924. Submitted November 13, 1981, at Detroit.
  —Decided February 18, 1982.

Robert A. Jacobson was ordered, in a divorce judgment, to pay
  alimony to Mary A. Jacobson. The judgment provided that in
  the event of a decrease in Mr. Jacobson's salary the amount of
  alimony was to be decreased proportionately. Subsequently, Mr.
  Jacobson sold his business and quit working, after which he
  refused to pay any further alimony on the grounds that be-
  cause he was earning no salary he did not have to pay any
  alimony. Mrs. Jacobson sought to enforce the payment and the
  Oakland Circuit Court, Francis X. O'Brien, J., held Mr. Jacob-
  son in contempt of court for nonpayment. Payment was not
  forthcoming and two months later an order was entered deter-
  mining the amount of arrearage. Plaintiff, Robert A. Jacobson,
  appealed both orders and the appeals were consolidated. *Held:*

   The plaintiff did not petition the court for a modification of
  the alimony obligation after selling his business. He presented
  no proofs below indicating any change in his income. His
  unilateral action did not alter the obligation ordered by the
  court. Further, to adopt plaintiff's interpretation of the alimony
  provision would be to render it without consideration from the
  defendant's point of view. The trial court properly found the
  plaintiff to be in contempt.

   Affirmed.

DIVORCE — ALIMONY — MODIFICATION OF ALIMONY AWARD.

   The unilateral action of a party to a divorce who withheld
  payment of alimony after he sold his business and quit working
  did not alter the alimony obligation ordered by the court in the
  judgment of divorce; the alimony award remains in effect until
  it is modified by the court based upon a change in circum-
  stances.

REFERENCES FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation §§ 675-677.
Change in financial condition or needs of husband or wife as ground
  for modification of decree for alimony or maintenance. 18 ALR2d
  10.

*Berry, Hopson, Francis & Mack* (by *Robert W. Kefgen* and *Ronald E. Mack),* for plaintiff.

*Buesser, Buesser, Snyder & Blank* (by *Ronald F. Graham),* for defendant.

Before: M. F. CAVANAGH, P.J., and ALLEN and MacKENZIE, JJ.

M. F. CAVANAGH, P.J. Plaintiff appeals a finding of the court holding him in civil contempt for the nonpayment of alimony. Pursuant to a property settlement incorporated into a divorce judgment entered on June 12, 1977, the plaintiff was ordered to pay the defendant $2,000 a month as alimony. The pertinent provisions provided:

"7. Mary is to receive from Robert, as alimony, the sum of two thousand and no/100 ($2,000) dollars per month, commencing one month following the date of a judgment of divorce (should the court see fit to award a judgment of divorce), which monthly alimony, for income tax purposes, shall be deductible by Robert and be treated as taxable income to Mary.

"8. That the monthly alimony, as provided herein, shall cease and terminate upon any one of the following:

"a. The death of Robert or

"b. Robert reaching his 65th birthday or

"c. The remarriage of Mary whichever first occurs.

"9. Both parties further agree that this monthly alimony is based on Robert's present income of five thousand and no/100 ($5,000) dollars per month and, therefore, in the event said salary decreases, the alimony of two thousand and no/100 ($2,000) dollars monthly shall be decreased proportionately. However, if said salary should increase, the monthly alimony shall remain the same."

The plaintiff sold his business in late 1980, and

he stopped working by January 1, 1981. The plaintiff refused to pay alimony for January and February 1981, on the ground that since he was earning no salary he did not have to pay any alimony.

Following a contempt hearing, plaintiff was found in contempt of court for nonpayment of alimony. The plaintiff alleges error on the ground that the alimony agreement provision allowing for a decrease in alimony as plaintiff's salary decreases automatically suspended the plaintiff's alimony obligation once he stopped working for salary. Plaintiff argues he did not owe any alimony, so he could not be held in contempt for nonpayment.

We find the alimony agreement to be somewhat ambiguous insofar as it states that the award is based on the plaintiff's income but any modification of the award would be based on a decrease in salary. The ambiguity is further heightened in that it is not known whether plaintiff's income of $5,000 a month at the time of the agreement consisted of just salary or whether the income was derived from a combination of sources, including salary, interest, dividends, and profits from the sale of securities.

When plaintiff's former company was garnisheed by defendant, the company reported that it owed the plaintiff a consulting fee for one month of $1,250 and retirement benefits of $132,255.09. One could conclude that the plaintiff's financial situation has not really changed. What the plaintiff has lost in salary he has made up for in the form of consulting fees and retirement benefits. Plaintiff presented no proofs below indicating any change in his income.

We reject plaintiff's assertion that the alimony award was premised solely on his receiving a

salary. The agreement in question was drafted by plaintiff's attorney and explained by him to the defendant, who was unrepresented. It was by means of this agreement that this marriage of some 30 years was "amicably" concluded. To adopt plaintiff's interpretation of the agreement would be to render it totally without consideration from the defendant's point of view. Allowing plaintiff to terminate his alimony obligation whenever he decided to sell his company and terminate his salary, which he could have done on the day following the entry of the judgment of divorce, would render this agreement unconscionable.

Plaintiff's financial condition may have changed when he sold his business and quit working. He could have petitioned the court for a modification of his alimony obligation and proved a change in circumstances. MCL 552.28; MSA 25.106. *Pohl v Pohl,* 13 Mich App 662; 164 NW2d 768 (1968). We are in agreement with the trial court's holding that the plaintiff's unilateral action did not alter the alimony obligation ordered by the court. The $2,000 per month award remains in effect until modified based upon a change in circumstances. The trial court properly found plaintiff in contempt of court and we affirm that finding.

Affirmed. Costs to defendant.