PRETTYMAN *v.* PRETTYMAN.

1. Divorce—Modification of Decree—Change of Circumstances.
   Generally, there must be a change of circumstances to justify the modification of divorce decree.

2. Same—Custody and Support of Children—Cancellation of Unpaid Support Money.
   Chancery courts have broad discretionary powers to adjudicate as to the custody of children, the amount of support and maintenance required for them, and may increase or reduce

---

References for Points in Headnotes
[1] 17 Am Jur, Divorce and Separation § 651.
[2] 17 Am Jur, Divorce and Separation §§ 673, 692.
[2-4] 17 Am Jur, Divorce and Separation § 703.
[5] 17 Am Jur, Divorce and Separation § 581.

the amount of support required and, in proper cases, cancel unpaid support money.

3. SAME—MODIFICATION OF DECREE—CHANGE OF CIRCUMSTANCES.
   Defendant husband was not entitled to modification of divorce decree so as to cancel accrued but unpaid support payments for children and for an adjustment of transportation costs of the children, where defendant's salary was reduced from $6,100 to $4,330 per year, his employer transferred him to Illinois before decree was rendered and plaintiff moved the children to Texas without authority of the court having been secured, and he remarried shortly after the decree had been rendered.

4. SAME—MODIFICATION OF DECREE—SUPPORT OF CHILDREN.
   Defendant husband who remarried shortly after decree of divorce *held*, entitled to custody of children for month and a half during summer, each party to pay transportation costs one way, and husband was also entitled to have support money for children reduced from $25 to $15 per week, where his salary had been reduced from $6,100 to $4,330 before decree was rendered, but unpaid support money is ordered paid at rate of $10 per week until all back payments are fully paid.

5. SAME—COSTS—NEITHER PARTY PREVAILING IN FULL.
   No costs are allowed either party to suit for divorce on appeal from order modifying decree, where neither party has fully prevailed.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted January 15, 1957. (Docket No. 64, Calendar No. 46,788.)   Decided April 22, 1957.

Following divorce, granted Betty Jean Prettyman on her bill against Robert A. Prettyman, the defendant filed a petition to amend decree. Order entered providing for summer custody of children, lesser sums for their support and cancellation of certain arrears. Plaintiff appeals. Modified and affirmed.

*Sigler, Anderson & Carr,* for plaintiff.

*Ford, Hinga & Schmiege* (*Frank F. Ford,* of counsel), for defendant.

SHARPE, J. The parties to this cause were divorced January 28, 1954. The divorce decree provided that plaintiff have custody of the 2 minor children and that defendant contribute the sum of $25 per week for their support. The decree also provided for visitation rights for the father of the children. At the time the divorce case was pending defendant was employed at the Percy Jones Hospital at a salary of $6,100 per year.

It also appears that before the divorce decree was granted defendant was transferred to a hospital at Waukegan, Illinois, where his salary was $4,330 per year. About a week after the entry of the decree defendant remarried and about 3 months after the entry of the decree plaintiff moved to Houston, Texas. During the 3 months after the entry of the decree plaintiff failed and refused to grant to defendant the visitation rights provided in the decree and defendant failed to pay the support and maintenance of $100 per month as provided in the decree, but defendant did pay approximately the sum of $100 during the 3-month period following the entry of the decree.

On May 6, 1954, plaintiff and the children left Michigan and went to Texas where she is now employed doing secretarial work and receives therefrom the sum of $400 per month.

On June 21, 1955, defendant filed a petition to modify the decree and for an order compelling plaintiff to produce the minor children in court. The petition also prayed for a reduction in the support order payments. In answer to the petition filed by defendant, plaintiff states:

"In answer to the allegations contained in paragraph 8 of said petition, plaintiff admits that it became necessary for her to take the children of the parties to her mother's home in the State of Texas, which situation occurred in part because of defend-

ant's delinquency in the payment of his support order and in part by plaintiff's loss of employment subsequent to the entry of said decree. Plaintiff denies that she gave no notice to the clerk of the court as alleged; denies that her action was motivated by the intent to deprive defendant of his rights of visitation and denies that any action on her part could be deemed contempt of the decree of this court. *   *   *

"By way of further answer to said petition, plaintiff alleges that immediately after the granting of the decree of divorce as hereinbefore set forth, defendant appeared at her home for the purpose of taking said children with him overnight and at the time was accompanied by another woman with whom said children and defendant, at least on 1 occasion, spent the week end together, a situation wholly reprehensible and intolerable under any conditions and especially so by reason of the interlocutory provisions of the said decree. Plaintiff states that she objected to such visitation as not being in the best interests of the children. Further answering, plaintiff alleges upon information and belief that defendant entered into his second marriage some time in advance of the date that said decree of divorce became final and further alleges upon information and belief that 2 months following the date said decree became final, defendant's second wife gave birth to a child. Plaintiff shows that by reason thereof, defendant is not entitled to relief at the hands of the court."

The cause came on for trial and at its conclusion the trial court entered a decree which provided that defendant be relieved and discharged from paying accrued support payments in the sum of $1,295, but should pay the sum of $200 in lieu thereof and in full payment and satisfaction of all the said arrears; that defendant was to pay $7.50 per week for the support of each of the 2 minor children until they reach the age of 18; that plaintiff should have the care and custody of the 2 minor children, with the

exception that defendant have the care and custody of the children each year from July 15th to September 1st; that plaintiff pay the transportation of the children from Texas to Illinois and defendant pay the transportation for the return passage. In an opinion the trial court stated:

"Of course, both parties have taken the law in their own hands. Of course, in this decree we are more interested in the children than we are in anyone else. Mrs. Prettyman took the law in her hands in leaving the State of Michigan without coming in and asking a change to allow her that privilege. She was represented by a competent attorney and so was Mr. Prettyman. Mr. Prettyman took it upon himself to pay what he saw fit, and he couldn't pay more because his salary was cut down. Maybe he couldn't have paid more, but he should have come in and asked that the amount be reduced—presented the matter to the court. * * *

"Now after she violated the decree and took the children out of the State, I think any alimony that his (has) accrued over and above the amount he has paid, should be canceled. I think the evidence in this case shows that possibly he hasn't been able to pay all those payments. I realize that the taking on of another family isn't any argument for not paying for his first family. I realize that. I think that the alimony payments probably were a little bit high and they should be cut to $7.50 per child each week, which would be on an average of about $60 a month, or a little better, if you take the full 52 weeks in a year. And that he should pay that regularly from now on. I think that in view of the fact that circumstances have required Mrs. Prettyman to move to Texas to the home of her mother and where she is employed—she has to earn a living for herself and earn a good share of the living for the children—that the decree should be changed to allow—cut off all of Mr. Prettyman's rights to the children except 6 weeks each year during the summer vacation, and

that for that vacation Mrs. Prettyman should prepare the children and pay their transportation to Michigan, and Mr. Prettyman at the end of the 6 weeks should prepare the children and pay their transportation back to Texas."

Plaintiff appeals and urges that the trial court was in error in canceling the amount by which defendant was in arrears in the sum of $1,295 and reducing the weekly payments to the sum of $7.50 per child each week as well as requiring plaintiff to send the children to the defendant for a period of 6 weeks out of each year and paying their passage from Texas to Illinois.

The general rule is that there must be a change of circumstances to justify the modification of a divorce decree. In the case at bar we find that subsequent to the granting of the divorce decree, plaintiff and the children moved to Texas, thus making it difficult if not impossible for the father to visit his children; that when plaintiff went to Texas she became employed at a salary of $400 per month, out of which she has to support her children. It is also a fact that defendant's salary has been reduced from what he was earning when the divorce was started to what it is at the present time, although there is some evidence that at the time the decree was entered defendant was then receiving his reduced salary. Defendant also breached the conditions of the divorce decree by failing to make the payments required by the decree.

Chancery courts have broad discretionary powers to adjudicate as to the custody of children, the amount of support and maintenance required for such children, and may increase or reduce the amount of support required. In proper cases such courts may also cancel unpaid support money.

We are not in accord with the judgment of the trial court in the cancellation of unpaid support and main-

tenance. We are of the opinion that defendant should pay the sum of $10 per week until all back payments are fully paid. We are also of the opinion that the decree providing for the time that defendant may have the children as well as the transportation costs is equitable and just. The decree is also affirmed to the extent that defendant shall pay the sum of $15 per week for the support of such children.

A decree in conformity with this opinion will be entered in the circuit court of Calhoun county. No costs as neither party has fully prevailed.

DETHMERS, C. J., and SMITH, EDWARDS, VOELKER, KELLY, and BLACK, JJ., concurred.

CARR, J., did not sit.