HENSLEY *v.* HENSLEY.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO HEARING—EVIDENCE—WITNESSES.

The appeal from an order modifying decree of divorce is heard by the Supreme Court *de novo* on the record but grave consideration is given to the findings of the trial court who has a better opportunity to appraise the evidence and the credibility of the witness.

2. SAME—CHANCERY CASES—SUPREME COURT.

The Supreme Court should not reverse the determination of a trial court in a chancery suit unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances.

3. DIVORCE—CUSTODY OF CHILDREN—STATUTORY PREFERENCE OF MOTHER—BEST INTEREST OF CHILD.

The statutory preference as to custody of children under 12 years of age will not be accorded mother in suit for divorce, where the best interests of the child impel the court to make a different order (CL 1948, § 722.541).

4. SAME—CUSTODY OF CHILDREN—CHANGE OF CIRCUMSTANCES—MODIFICATION OF DECREE.

Modification of decree of divorce as to custody of 5-year-old boy, made on father's petition so as to accord him custody, is affirmed, where record supports trial court's findings that sufficient change of circumstances since the original decree warranted the change of custody from mother who had been accorded technical custody but required to leave child in foster home, it appearing the father had a more suitable home environment and had frequently visited the boy and the mother had done so infrequently (CL 1948, § 722.541).

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 815.
[1, 2] 3 Am Jur, Appeal and Error § 912.
[3] 17A Am Jur, Divorce and Separation § 819.
[4] 17A Am Jur, Divorce and Separation § 839 *et seq.*

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted April 10, 1959. (Docket No. 43, Calendar No. 47,749.) Decided July 13, 1959.

Divorce proceedings between Lewis Hensley and Roselma Hensley resulted in decree for defendant on cross bill. Petition by plaintiff to modify decree granting him custody of child. Decree so modified. Defendant appeals. Affirmed.

*Joseph J. Mainolfi,* for plaintiff.

*Curry & Curry,* for defendant.

Voelker, J. On June 10, 1955, defendant-appellant, Roselma Hensley, upon her cross bill of complaint was granted a decree of divorce from plaintiff-appellee, Lewis Hensley. Pursuant to that decree defendant was given custody of their one child, Lynn Lewis Hensley, subject to the following condition, "and the said child shall remain and be cared for at his present residence unless otherwise agreed upon by the parties or until the further order of the court."

At the time of that decree the child was in a foster home. The child was about 5 years old at the time the present action was instituted and the foster parent felt that she could no longer properly manage him. The plaintiff-father petitioned the circuit court to modify the original decree so as to allow him custody of the child. The defendant-mother answered that petition and filed a cross petition praying that the quoted condition be deleted from the original decree, thus giving her absolute custody.

After a full hearing on the petitions the trial court asked both sides for briefs on the law involved, and allowed ample time for the preparation and filing of such. Only the plaintiff submitted a brief.

The court then rendered an oral opinion from the bench and decreed that the plaintiff-father should have custody of the child subject to certain rights of visitation in the defendant-mother. From that decree the defendant has appealed, setting out the following as questions involved:

"1. Should the decree of divorce dissolving the marriage between the plaintiff and defendant be modified so as to award the custody of the minor child to the plaintiff father?

"2. Should the decree of divorce be modified so as to strike therefrom the provision thereof reading as follows, to-wit: 'and the said child shall remain and be cared for at his present residence unless otherwise agreed upon by the parties or until the further order of the court' and thus leave the custody of the child in the defendant?"

From the record and the opinion of the chancellor it appears (largely from the testimony of the foster mother, originally selected by the mother) that the mother took little or no interest in the welfare of the child while it was in the foster home, visiting it only infrequently over a period of several years, although the child was in the same general area. It further appears that the father visited the child regularly. The chancellor also found that the father had a more suitable home environment for the child.

In essence it appears that the defendant is not happy with the result reached by the chancellor and wants this Court to review the facts. This being an appeal from a chancery decree, we hear it *de novo* on the record, necessarily according grave consideration to the findings of the trial court, however, who manifestly has the better opportunity to appraise the evidence and the credibility of the witness. As we said in *Gorton* v. *Gorton,* 316 Mich. 375, 382, and prior cases:

" 'The reviewing Court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances.' "

The law in this State seems to pose 3 questions which must be answered in cases of this type:

1. What effect does the statute, CL 1948, § 722.541 (Stat Ann 1957 Rev § 25.311) have upon the case?

2. Is a modification of the original decree in the best interest of the child? See, generally, *Remus* v. *Remus,* 325 Mich 641; *Knowles* v. *Knowles,* 340 Mich 238.

3. Has the petitioner shown a change of circumstances sufficient to warrant a modification of the original decree? See, generally, *Sweet* v. *Sweet,* 329 Mich 251.

We think that the first question is well answered in *Vines* v. *Vines,* 344 Mich 222, 225, where we said:

"We are mindful of the statute, CL 1948, § 722.541 (Stat Ann § 25.311), which provides that the mother of children under 12 shall be entitled to their custody, although a court of competent jurisdiction may deem it just and proper to make a different order. The question before us is what is best for the child."

We have gone over the trial transcript as well as the briefs and records on appeal. We agree with the decision of the trial court, as indicated in its opinion, that there was a sufficient change in circumstances since the original decree and that its modification was in the best interest of the child. A detailed review of the evidence presented in the trial court would be surplusage and of no value to the profession, and will not here be set out.

The decree of the chancellor is affirmed, costs to appellee.

DETHMERS, C.J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.