## PIERSANTE *v.* PIERSANTE.

1. APPEAL AND ERROR—DIVORCE—DE NOVO HEARING—FINDINGS OF TRIAL COURT—CREDIBILITY OF WITNESSES.

   The Supreme Court reviews an appeal in a suit for divorce by a hearing *de novo* and is not bound by the findings of the circuit court, but where such findings are largely based upon conflicting testimony, and the credibility of the witnesses is better determined by the trial court, reversal will not be made, unless the Supreme Court is convinced that it must have reached a different conclusion had it occupied the position of the lower court under like circumstances.

2. DIVORCE—EXTREME CRUELTY—EVIDENCE.

   Review of evidence in suit for divorce *held*, to have failed to disclose trial court erred in finding that defendant wife was guilty of extreme and repeated cruelty entitling plaintiff husband to decree of divorce.

3. SAME—DIVISION OF PROPERTY—APPRAISERS—FINANCIAL STATEMENT.

   Testimony of qualified appraisers, one of whom was appointed by defendant wife in suit for divorce, was properly accorded more weight in determining division of property than plaintiff

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error §§ 833, 858, 896, 900, 901.
[2] 17 Am Jur, Divorce and Separation §§ 437, 439.
[3–5] 17A Am Jur, Divorce and Separation § 924 *et seq.*

husband's own financial statement which he had previously prepared to obtain a bank mortgage.

4. Same—Division of Property.
   There is no rigid rule for division of property in divorce actions.

5. Same—Division of Property—Equity.
   Division of property by decree of divorce of parties married in 1947, whereby defendant wife was awarded $48,500 of which $2,000 was payable forthwith and balance at rate of $385 per month, net equity of home valued at $22,812.69, furniture and fixtures valued at $4,000, an automobile valued at $715, and $30 per week each for the 2 children until they were 18 years of age, plus their medical and dental expenses *held*, fair and equitable under the circumstances.

Appeal from Wayne; Culehan (Miles N.), J. Submitted January 13, 1960. (Docket No. 69, Calendar No. 48,199.) Decided February 26, 1960. Rehearing denied April 11, 1960.

Bill by William T. Piersante against Rosalie A. Piersante for divorce on ground of extreme cruelty. Decree for plaintiff. Defendant appeals attacking the granting of decree and the property settlement therein. Affirmed.

*Heal, Deeley, Lo Cicero & Wilke,* for plaintiff.

*Hugh K. Davidson* and *Joseph A. Lang,* for defendant.

KAVANAGH, J. This is an appeal of defendant wife from a decree of divorce entered in the Wayne circuit court on plaintiff husband's bill of complaint alleging extreme and repeated cruelty. The trial judge granted an absolute divorce, determined alimony and property rights and custody of the minor children.

Defendant appeals claiming plaintiff did not produce testimony justifying a decree of divorce to the plaintiff on the grounds of his wife's extreme

and repeated cruelty, and that the property settlement ordered by the trial court was arbitrary and inequitable, justifying the setting aside of this property settlement.

The parties were married on October 4, 1947. Two children were born as a result of this marriage. The plaintiff testified that prior to his marriage he was engaged in the tile and marble contracting business, the same business in which his father had been engaged for about 12 to 14 years. He had taken over his father's business after the latter's death in July, 1946.

It is apparent from a reading of the record that plaintiff worked hard in his business, became interested in the industry, active in its local association, and eventually became vice-president of the national association. Plaintiff further testified that prior to his marriage he owned 2 lake properties worth $5,000, subsequently sold on land contract, a lot worth $5,000, and an equity of $5,000 in his home and furnishings.

The record discloses that as a result of hard work and a rising real-estate market he was able to parlay these assets into considerable property which at the time of the decree included a home, a gasoline station leased to Socony Mobil Oil Company, 2 land contracts receivable covering the 2 lake properties, 2 automobiles, 7 stores on Ford road in Dearborn, 20 shares of stock in the Bank of Dearborn, a substantial amount of life insurance, furniture and fixtures in his home, and a profitable tile and marble business, all in the short space of approximately 10 years. It is admitted, however, that substantial mortgages exist against most of this property.

It is to be noted that for approximately 3-1/2 years prior to the trial of this cause numerous attempts had been made by the parties, by friends, and by a member of the clergy, to effect a reconcilia-

tion. For several days prior to the trial the trial judge continued these efforts at reconciliation. All such attempts failed.

The plaintiff alleged in his bill of complaint 22 acts on the part of defendant which he contended constituted extreme and repeated cruelty. On the trial of the cause testimony was introduced in support of each of these allegations, which for the most part were denied by defendant wife. The trial judge found, after listening to the testimony, that defendant wife was guilty of extreme and repeated cruelty.

On *de novo* review the question before us is whether or not plaintiff established acts of extreme and repeated cruelty entitling him to a divorce. The testimony was conflicting, and the trial court, who saw and heard the parties and their witnesses, was better able to determine their credibility and the weight to be given their testimony, than are we here in the appellate Court in reviewing the case upon a cold printed record.

In *Johnson* v. *Johnson,* 314 Mich 376, 382, this Court quoted with approval from *Chubb* v. *Chubb,* 297 Mich 501, 506, as follows:

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo,* especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances. *Brookhouse* v. *Brookhouse,* 286 Mich 151; *Stratmann* v. *Stratmann,* 287 Mich 94; *Westgate* v. *Westgate,* 291 Mich 18."

In the present case there was testimony, which the trial court apparently believed, which established plaintiff's right to a divorce. We have carefully re-

viewed the record and are not convinced that we would have reached a different conclusion, had we been sitting as a trial court.

With reference to the property settlement, at a hearing before the friend of the court testimony was taken of disinterested appraisers as to the value of various pieces of property, and consideration was given to the liens and mortgages. A reasonably complete record was made, witnesses were cross-examined by the respective attorneys, and a report and recommendation of the friend of the court was filed, and was in the file at the time of trial in the circuit court. At the close of proofs at the trial in the circuit court, plaintiff's attorney was assured that the report and recommendation was before the court. Defendant's counsel contended there was not sufficient evidence to justify a decree and that the court could not accept the recommendations of the friend of the court as a basis for property division.

The court ordered the entry of a decree for plaintiff and followed the recommendations of the friend of the court with respect to the property settlement.

On January 14, 1959, at a hearing before the trial court for the entry of a proposed decree, counsel for defendant objected to the decree because it followed the recommendations of the friend of the court. The trial court agreed to a retrial on the question of property division only.

At the retrial testimony of appraisers, of accountants, and of plaintiff was presented to the court. The court again followed the formula originally recommended by the friend of the court.

The undisputed evidence of the appraisers for both sides established the net worth at $91,001.60. It also established without contradiction that plaintiff had property valued at $15,000 prior to the marriage. The court decreed that plaintiff should

pay the defendant the sum of $48,500, $2,000 forth-
with and the balance in monthly instalments of $385
per month. In addition, the court awarded defendant
the net equity in their home valued, without dispute,
at $22,812.69, furniture and fixtures valued at $4,000,
and an automobile valued at $715. The plaintiff was
further ordered to pay $30 per week for the support
of each child and to pay for their medical and dental
services as may be required until they attain 18
years of age. The awards were made a lien on
plaintiff's real estate.

Defendant's principal objection to the property
settlement appears to be that the trial judge failed
to give proper weight to exhibit 1, which is a photo-
stat of a financial statement submitted by plaintiff
husband to the Public Bank on March 31, 1958, for
the purpose of obtaining a mortgage. This exhibit
indicated plaintiff's net worth as $190,500.69. Plain-
tiff testified on cross-examination by defendant's
counsel that he made this financial statement; that
he computed the values of the various pieces of
property to the best of his ability; and that the fig-
ures represented his best estimate of the worth of
the property at the date of the financial statement.
Defendant's claim is that taking 1/2 of plaintiff's
net worth as shown by the Public Bank statement
and adding to it certain other admitted assets which
were in existence at the time of trial, 1/2 of plaintiff's
net worth would amount to $97,143.03. Defendant
further claims that even if you take the figures of
plaintiff, the wife is awarded only $74,725 and that
because defendant did not receive 1/2 of the prop-
erty, the property settlement is arbitrary and un-
reasonable.

The court apparently gave more weight to the
testimony of the appraisers, one of whom was an
appraiser selected by the defendant, than to the
value placed on the property by plaintiff in his fi-

nancial statement to the Public Bank. In this we think he was correct, since they appear to be qualified appraisers.

In reviewing *de novo* the instant property settlement, we are mindful of the fact that there is no rigid rule for division of property in divorce actions. While it would appear that if all goes well, possibly the plaintiff might end up with a little better percentage of the property than the wife, this is contingent upon continuing high real estate markets, his ability to meet mortgage payments, continuing good health, and numerous other factors, while the allowance to the wife is reasonably free from such contingencies.

A review of the record in this case indicates that the trial judge gave careful consideration to the property matters and that his findings were not arbitrary or inequitable.

It would appear that a fair and reasonable determination of property matters was made after a lengthy hearing on the matter. This Court cannot say, based upon this record, that the property settlement was unreasonable or arbitrary. The court properly found there was proof of extreme and repeated cruelty and made an equitable disposition of the property under the circumstances. This Court could do no more.

The decree of the lower court is affirmed, with costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.