## GRAY v. GRAY.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.
Evidence produced on behalf of wife in suit for divorce *held,* sufficient to entitle her to decree on ground of extreme and repeated cruelty, where it supported her charges he threatened to kill her, struck her repeatedly, swore at her in the presence of others, drank to excess, and failed to support her and the children.

2. SAME—CREDIBILITY OF WITNESSES.
Supreme Court, upon review of testimony on behalf of husband and wife in her suit for divorce in which he filed a cross bill, fails to reach any other conclusion than trial court who could pass on the credibility of the witnesses presenting testimony in conflict.

Appeal from Muskegon; Beers (Henry L.), J. Submitted June 10, 1960. (Docket No. 42, Calendar No. 47,854.) Decided July 11, 1960.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 437.
[2] 3 Am Jur, Appeal and Error § 901.

Bill by Ida Mae Gray against Carl M. Gray for divorce on ground of extreme cruelty, with cross bill by defendant. Decree for plaintiff. Defendant appeals. Affirmed.

*Carr & Carr* (*Robert A. Carr, Jr.,* of counsel), for plaintiff.

*Russell L. Shepherd,* for defendant.

KAVANAGH, J. Defendant husband appeals from decree of divorce granted plaintiff on her bill of complaint. Plaintiff wife charged him with threatening to kill her; striking her on repeated occasions, on one occasion when she had one of the children in her arms; repeatedly directing improper language and swear words toward her, even in the presence of others; persisting in going out nights without plaintiff; frequently drinking intoxicants to excess and often becoming intoxicated, at least once when he had one of the children with him; and failing to properly support plaintiff and her children. These charges were substantiated by proofs and, in a measure, admitted by him. We believe them to be true, as the trial court apparently did, and hold his conduct to constitute extreme and repeated cruelty, entitling her to a divorce.

Defendant charges plaintiff with improper associations with another man or men; participating in drinking and not properly caring for the home or the children; and displays of bickering and temper.

These allegations give rise to questions of fact and credibility of the witnesses. Reading of all the testimony in the case does not convince us that defendant proved immorality or other impropriety in this connection on the part of plaintiff. In substance, defendant contends the testimony with reference to plaintiff's proofs was not sufficient to form

the basis for the equitable relief granted plaintiff; that defendant's proofs show the plaintiff was guilty of the same type of acts of extreme and repeated cruelty charged to defendant; and that, therefore, a decree of divorce should not have been entered.

No profitable result would be obtained from a detailed review of the charges and countercharges made by the respective parties. In the testimony there is a degree of conflict, and there was left a large margin for the trial judge to pass on the credibility of the respective witnesses. The trial judge had a much better opportunity to function in that capacity than has this Court. We think it is a fair inference that where there was material conflict, the trial judge placed more credence in the testimony in behalf of plaintiff than that in behalf of defendant. We think he had a right to do so, and we cannot say from our reading of the entire record that we would have reached any other conclusion from the proofs than did the trial judge. *Piersante* v. *Piersante,* 359 Mich 173; *Hensley* v. *Hensley,* 357 Mich 3; *Kuntze* v. *Kuntze,* 351 Mich 144.

The decree as entered in the lower court is affirmed. Appellee may have costs of this appeal.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.