WILLIAMS *v.* WILLIAMS.

1. DIVORCE—MODIFICATION OF DECREE—SUPPORT OF CHILDREN—DIS-
   CRETION OF COURT.

   Modification of decree of divorce increasing support payments for
   daughter of the parties from $30 per month to $10 per week
   after lapse of over 8 years from original decree *held*, not an
   abuse of discretion on part of trial court, as being insufficient,
   where record shows the parties had had 2 children, custody of
   the son had been awarded to the father and the daughter to
   the mother, the mother had remarried, the father's salary has
   somewhat more than doubled, but record is insufficient to answer
   various pertinent inquiries relative to financial potentials of the
   respective parties.

2. SAME—MODIFICATION OF DECREE—SUPPORT OF CHILDREN—DISCRE-
   TION OF COURT.

   The Supreme Court will not interfere with the discretion of the
   trial court as to amount of award for support of children in
   decree of divorce or amendment thereof unless a clear abuse
   is manifest in the result reached below.

3. APPEAL AND ERROR—DISCRETION OF COURT.

   An abuse of discretion by a court involves far more than a dif-
   ference in judicial opinion between the trial and appellate
   courts, where the exercise of discretion turns upon a factual
   determination made by the trier of the facts, since the term
   "discretion" involves the idea of choice, of an exercise of the
   will, of a determination made between competing considerations.

4. SAME—ABUSE OF DISCRETION.

   An abuse of discretion by a trial court in making a determination
   of fact requires the reviewing court to find that the result is so
   palpably and grossly violative of fact and logic that it evi-
   dences not the exercise of will but perversity of will, not the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17A Am Jur, Divorce and Separation § 861.
[3, 4] 5 Am Jur 2d, Appeal and Error § 774.

exercise of judgment but defiance thereof, not the exercise of reason, but rather of passion or bias.

5. DIVORCE—COSTS—MODIFICATION OF DECREE—SUPPORT OF CHILDREN. No costs are awarded appellee husband upon affirmance of order modifying decree of divorce as to amount allowed wife for support of 1 of their 2 children whose custody had been awarded to her, which allowance she claimed to be insufficient.

Appeal from Ingham; Coash (Louis E.), J. Submitted October 3, 1962. (Docket No. 19, Calendar No. 48,767.) Decided December 31, 1962.

Bill by Elizabeth S. Williams against Billy A. G. Williams resulted in decree of divorce. Subsequent petition by plaintiff for increase in award of support money for minor child granted. Plaintiff appeals claiming award inadequate. Affirmed.

*John Brattin,* for plaintiff.

*Raymond Joseph,* for defendant.

ADAMS, J. This is an appeal from an order modifying a divorce decree entered November 23, 1951. The parties had 2 children, a boy aged 3-1/2 and a girl aged 1. Custody of the boy went to defendant, of the girl to plaintiff. Defendant was required to pay $30 per month for his daughter's support. He was earning $3,000 yearly.

On April 8, 1960, plaintiff filed a petition for modification of the divorce decree to increase the daughter's support. Plaintiff worked prior to March 15, 1960, but her job ended and she has no idea of returning to work. She has another child by a second marriage. Her husband is employed. She computed the cost of the daughter's support at $111.72 per month. The amount is not disputed. She concedes it would cost the defendant an equal amount for the support of the boy.

Defendant now has annual earnings of $6,641. He lives at home with his parents and has the following weekly expenses:

| | |
|---|---:|
| Social security and retirement | $  7.46 |
| Income tax | 18.71 |
| Automobile purchase loan | 18.50 |
| Personal loan | 7.50 |
| Mortgage loan | 7.50 |
| Life, health, and hospital insurance; medical and dental bills | 6.76 |
| Food and lodging | 40.00 |
| Car insurance and operating expense | 9.15 |
| Clothing | 3.00 |
| Dues, cabin expense and miscellaneous | 2.11 |
| | $120.69 |

In addition, he has been paying $30 a month for his daughter's support. He has been going in the red $3.73 per week.

The chancellor said:

"On the income that Mr. Williams has I think he can pay a little more than he is paying. Of course, I am taking into consideration that there were 2 children. He is supporting 1 of those children himself, and apparently doing a good job because there is no complaint about that.

"But I believe  *  *  *  it could be increased to $10 per week. Now, I realize it costs more than that to bring up this girl, but there is no use of this court sitting up here and making an order that beginning as of the first week it is going to go way behind.

"We have an itemization of expenses here. Whether they are right or wrong, I cannot find where there are too many that are out of line. And I am taking into consideration the fact that he is bringing up 1 of the children."

The court awarded an increase in the child support from $30 per month to $10 weekly. Plaintiff claims an abuse of discretion by the trial court.

Plaintiff contends that from the date of the decree to the date of the order, there was an increase in the need of the child from $6.92 to $25.78 a week, or more than 272%; that over the same period, there was an increase in defendant's income from $57.69 a week to $127.71 a week, or more than 221%; and that the lower court's order for child support was only from $6.92 a week to $10 a week, or 44–1/2% increase. Plaintiff also claims that defendant's expenses could be reduced.

The matter has been submitted to us upon an agreed summary of testimony which is 2–1/2 printed pages in length. We are furnished with approximately 1 page of narrative as to testimony of plaintiff and 1–1/2 pages of narrative as to testimony of defendant. Upon the basis of this record, we are asked to find an abuse of discretion by the trial court. We are unable to do so. Perhaps defendant can, or could, cut down on his present expenditures. Perhaps defendant could eliminate the ownership of an automobile or of the cabin property. Perhaps defendant, who is a schoolteacher, could supplement his present income by additional employment during summer vacations, or otherwise. Perhaps the debts which defendant has incurred were needlessly incurred. Perhaps the amount paid by defendant to his parents for food and lodging is too much? Too little? The record does not answer these or other questions that come to mind. Upon a sparsity of facts we are asked to lay down some sort of empirical method of fixing support so that "members of the bar can predetermine, within a few dollars, what a court will say about child support."

Under these circumstances, we can only reiterate once again what we said in *Spalding* v. *Spalding*, 355 Mich. 382, 384:

"We have held repeatedly, and we again hold, that we will not interfere with the discretion of the trial chancellor in these cases unless a clear abuse thereof is manifest in the result reached below. The kind of determination before us requires a weighing of human and economic factors of the utmost complexity, a weighing that can best be accomplished at the local level, not in these chambers. In view of the frequency with which cases are reaching this Court assailing the exercise of a trial court's discretion as an abuse thereof, we deem it pertinent to make certain observations with respect thereto in the interests of saving expense to the litigants and avoiding delay in reaching final adjudication on the merits. Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. So tested, we perceive no error in the proceedings below nor in the determination made."

The decision of the chancellor is affirmed. No costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.