KOEPPEN v. KOEPPEN.

OPINION OF THE COURT.

1. DIVORCE—CUSTODY OF CHILDREN—STATUTORY PREFERENCE—BEST INTEREST OF CHILD.

Statutory preference for custody of children under 12 years in mother and custody of children over 12 years in father does not prevent court from making and enforcing any order it deems just and proper as to the care and custody of minor children (CL 1948, § 722.541).

2. SAME—CUSTODY OF CHILD.

What is best for the child is the question before a court on appeal from trial court's order relative to custody of a child

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 24 Am Jur 2d, Divorce and Separation § 783 *et seq.*

of divorced parents, and appellate court will affirm the order in the absence of any indication to the contrary (CL 1948, § 722.541).

DISSENTING OPINION.

T. G. KAVANAGH, P. J.

3. DIVORCE—CUSTODY OF CHILD—BEST INTEREST OF CHILD.

   *Statutory provision for maternal custody of children under 12 years of age may be ignored when it is determined that the best interest of the child requires a contrary award, but the determination may not be arbitrary or capricious (CL 1948, § 722.541).*

4. SAME—CUSTODY OF CHILD—REASONS.

   *A court in deciding that the best interest of 7-year-old boy requires that he be left in custody of his father should ascribe reasons for ignoring the statutory preference for mother to have custody of children under 12, so that an appellate court can examine the order for abuse of discretion, and a record lacking the reasons should be remanded for completion before the appellate court reviews the decision (CL 1948, § 722.541).*

Appeal from Ingham, Salmon (Marvin J.), J. Submitted Division 2 November 9, 1967, at Lansing. (Docket No. 2,208.) Decided April 24, 1968.

Motion by plaintiff Connie V. Koeppen to modify custody provision of judgment of divorce granting custody of minor child to defendant Frederick L. Koeppen. Motion denied. Plaintiff appeals. Affirmed.

*Farhat, Burns, Treleaven & Luoma,* for plaintiff.

*Parks, Church & Wyble,* for defendant

FITZGERALD, J. The parties to this appeal, which involves the custody of their minor child, were divorced on April 13, 1962, in Ingham county. The

plaintiff had temporary custody of the child, Brian, during the pendency of the divorce. The divorce, however, was granted to defendant and he was also granted the custody of the child at that time. Both parties have remarried and have children by their second marriages.

A petition for change of Brian's custody was filed in 1965 and, on the hearing thereof, both parties were present and represented by counsel.

After hearing the proofs and arguments as to why the custody of the child, then 7 years old, should be changed from his father to his mother, the court, while finding that at the present time both plaintiff and defendant have good homes in which children could be properly raised, stated that:

"If we were to go no further, then I would say that the statute here would apply, but I think that it is the duty of the court under the law to take one further step here, and that is to determine what is the best for the boy under the circumstances, his welfare, and I think this controls even though there is a statutory language that has been discussed.

"Now, as I said, this is a difficult case, someone is going to be disappointed. My heart goes out for a mother who doesn't have her children, but as I see this situation at the moment I feel the best interest of this child is to remain where he is; however, I think visitation privileges should be liberalized here. I think this mother—I think this boy should be taught that she is his mother. I think that she could well have him more than she does, and I would like to see these visitation privileges increased from what they are now to include Saturday night and bring him back Sunday night and a good long vacation with his mother in the summer."

The child was left with his father and plaintiff appeals, urging that the statute in question, CL 1948, § 722.541 (Stat Ann 1957 Rev § 25.311) holds

as a matter of law that the mother of children under the age of 12 years shall be entitled to the care and custody of such children. The statute reads as follows:

"Sec. 1. That in case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care and custody of all such children under the age of 12 years, and the father of such children shall be entitled to the care and custody of all such children of the age of 12 years or over: Provided, That any probate court or any court of competent jurisdiction, may, on petition and hearing thereof, make and enforce such order or orders as it may deem just and proper as to the care and custody of such minor children, excepting in cases where an order or decree may have been made by any court in chancery, regarding such children; And provided further, That nothing in this act shall prevent any court of competent jurisdiction from making and enforcing any such order or orders as it may deem just and proper as to the care and custody of such minor children in the same manner and with like effect as it could if this act had not been passed."

It is the last proviso of this statute which removes the mandatory sting thereof, and rightly so, we believe, to prevent a shuttling back and forth of minor children between parents. Twelve would appear to be no magical age, and if a child were subject to the vicissitudes of a mandatory statute where by the simple filing of a petition with the court he might be tossed to the other end of the football field, so to speak, the cause of the child would be conclusively disserved.

The case upon which plaintiff relies, *Blackmar* v. *Blackmar* (1952), 335 Mich 249, does not bear out plaintiff's position that such a change is mandatory and, indeed, makes the statement, "However, the

best interest of the children is paramount." (Citing cases.)   A further differentiation of this case is that the custody of the 2 Blackmar children was retained by the court with physical custody given to the paternal grandparents until further order of the court.   An equally divided Court affirmed the award to the mother.   We fail to see how this case is precedent for the instant appeal.

More to the point is the case of *Hensley* v. *Hensley* (1959), 357 Mich 3, in which the Court, in a case of posture similar to this one, asked the question, "What effect does the statute, CL 1948, § 722.541 (Stat Ann 1957 Rev § 25.311) have upon the case?" They stated that the question was well answered in *Vines* v. *Vines* (1955), 344 Mich 222, 225, where it was said:

"We are mindful of the statute, CL 1948, § 722.541 (Stat Ann § 25.311), which provides that the mother of children under 12 shall be entitled to their custody, although a court of competent jurisdiction may deem it just and proper to make a different order. The question before us is what is best for the child."

It is the last sentence, *supra,* which motivated the trial court in its determination and which, in the absence of any indication to the contrary, motivates us to concur in the trial court's decision.

Affirmed.   Costs to appellee.

McGREGOR, J., concurred with FITZGERALD, J.

T. G. KAVANAGH, P. J. (*dissenting*).   There is no doubt that the question in custody disputes must be resolved by a determination of what is best for the child.

The statutory provision for maternal custody may be ignored when the determination is made that the

best interest of the child requires a contrary award. Such determination, however, may not be arbitrary or capricious.

Here the court simply said that he felt it was to the best interest of the child to remain where he is. He did not ascribe any reasons for this feeling.

This conclusion may indeed be sound but good practice requires that the evidence upon which the conclusion is based must be indicated and the reasons for ignoring the statute spelled out so that we may assay the order for abuse of discretion.

I would remand for the purpose of completing the record before approving or disapproving the custody award.