HETTIGER *v.* HETTIGER

1. DIVORCE—ALIMONY—REMARRIAGE—CHANGED CONDITIONS.

Remarriage alone is insufficient to support a cancellation of alimony.

2. DIVORCE—CHILD SUPPORT PAYMENTS—CHANGED CONDITIONS.

A reduction of child support payments was not warranted where the record does not affirmatively show that changed conditions justified such a reduction.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 November 10, 1971, at Lansing. (Docket No. 11633.) Decided December 8, 1971. Leave to appeal denied, 386 Mich 789.

Complaint by Marguerite J. Hettiger against William N. Hettiger for divorce. Judgment of divorce granted. Defendant moved for the elimination of child support and alimony. Order entered reducing child support, eliminating alimony, and changing visitation privileges. Both parties appeal. Reduction in support and cancellation of alimony reversed; remanded for determination of arrearage

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 645–648, 690.
Alimony as affected by wife's remarriage, in absence of controlling specific statute. 48 ALR2d 270.
[2] 24 Am Jur 2d, Divorce and Separation §§ 844, 846, 847, 849.
Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.
Remarriage of parent as basis for modification of amount of child support provisions of divorce decree. 89 ALR2d 106.

in support and alimony payments; affirmed as to remaining portions of the trial court's order.

*MacLean, Seaman, Laing & Guilford,* for plaintiff.

*Mark A. Latterman,* for defendant.

Before: McGregor, P. J., and Fitzgerald and Quinn, JJ.

Per Curiam. April 16, 1971, the trial court entered an order amending the October 5, 1962 *pro confesso* decree of divorce in this cause. The amending order reduced child support, provided for visitation that was mutually agreeable to the child and defendant, required installment payment of support arrearage, and cancelled alimony as of November 26, 1969. Plaintiff appeals the support reduction and alimony cancellation. Defendant cross-appeals the effective date of the alimony cancellation and contends that the support should have been terminated rather than reduced.

Appellate relief from an order such as is here involved is restricted. Relief is granted only when *de novo* review establishes that the trial court abused its discretion, *Williams* v *Williams,* 368 Mich 573 (1962), or the appellate court is convinced it would have reached a different result had it occupied the position of the trial court, *Hensley* v *Hensley,* 357 Mich 3 (1959).

Although MCLA 552.28; MSA 25.106 authorizes revision and alteration of divorce judgments, it is well settled that modification must be based on new facts or change in conditions arising since the judgment which justify the revision, *Verbeke* v *Verbeke,* 352 Mich 632 (1958). This record contains no new fact nor change in conditions which justifies reduc-

tion of support. The only new fact or change in condition which has bearing on cancellation of alimony is plaintiff's remarriage. This fact alone is insufficient to support a cancellation of alimony. *Groeneveld* v *Groeneveld,* 3 Mich App 284 (1966). On this record, it was an abuse of discretion for the trial court to order reduction of support and cancellation of alimony.

Reversed as to the reduction in support and cancellation of alimony and remanded for a determination of the arrearage in support and alimony that has accrued under the amending order of April 16, 1971. The accrued arrearage thus found shall be added to the arrearage existing on April 16, 1971, and paid pursuant to the order of that date. The balance of the order appealed from is affirmed. Plaintiff may recover costs.