GERLACH v GERLACH

Docket No. 31194. Submitted March 7, 1978, at Grand Rapids.—
Decided April 17, 1978.

Edith Gerlach was granted a judgment of divorce and alimony
from defendant Norman Gerlach. Defendant petitioned in Ber-
rien County Circuit Court, William S. White, J., for a reduction
in alimony claiming that his divorced wife could improve her
economic situation by remarrying and that there was a change
in circumstances which resulted in a lesser income to him since
the divorce. Petition denied. Defendant appeals. *Held:*

1. A divorced wife has no obligation to remarry to improve
her economic situation.

2. A denial of a reduction in alimony is proper where the
wife's needs remain the same and reduction of the divorced
husband's income and employment was voluntary and self-im-
posed.

Affirmed.

1. DIVORCE—ALIMONY—REMARRIAGE—CHANGED CONDITIONS—OBLIGA-
TION TO REMARRY.

The claim of an alimony-paying defendant with changed circum-
stances and lessened income that his divorced wife could im-
prove her economic situation by remarrying is without merit;
she has no such obligation and any consideration of that factor
is irrelevant.

2. DIVORCE—CHANGE IN CIRCUMSTANCES—LESSENED INCOME—ALI-
MONY REDUCTION—JUDGE'S DISCRETION.

A defendant's change in circumstances and lessened income after
divorce is not a proper basis for a reduction in alimony where
the divorced wife's needs remain and his reduction in income
and employment was voluntary and largely self-imposed; denial

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 609, 675 *et seq.*
Change in financial condition or needs of husband or wife as ground
for modification of decree for alimony or maintenance. 18 ALR2d
10.

of a reduction in alimony under these circumstances is not an abuse of trial court discretion.

*Hartwig, Crow, Jones & Postelli,* for plaintiff.

*Tat Parish,* for defendant.

Before: M. F. CAVANAGH, P. J., and D. E. HOL-BROOK and BEASLEY, JJ.

BEASLEY, J. Defendant-appellant petitioned for reduction in alimony under a 1966 divorce judgment. After hearing, the trial judge filed an opinion denying a reduction. Defendant-appellant appeals as of right.

The gist of appellant's claim is that a change in circumstances has occurred whereby his income is lessened.[1] There is no question that plaintiff's needs remain and that her economic situation has not significantly improved. Defendant's claim that she could improve her economic situation by remarrying is, of course, without merit; she has no such obligation and any consideration of that factor is irrelevant.

It may be that defendant's income is less than at the time of the divorce, but, if it is, the trial court's finding that defendant's unemployment is largely self-imposed finds support in the evidence. Under these circumstances, voluntary reduction in income is not a proper basis for reduction in alimony.[2]

There was no abuse of discretion here.[3]

Affirmed.

---

[1] *Prettyman v Prettyman,* 348 Mich 206; 83 NW2d 475 (1957), *Pohl v Pohl,* 13 Mich App 662; 164 NW2d 768 (1968).

[2] *Moncada v Moncada,* 81 Mich App 26; 264 NW2d 104 (1978), *Smith v Smith,* 299 Ky 715; 187 SW2d 271 (1945), *Ellenstein v Ellenstein,* 210 Minn 265; 297 NW 848 (1941).

[3] *Hettiger v Hettiger,* 37 Mich App 431; 195 NW2d 10 (1971).